Hughes, J.
The board of county commissioners entered into a contract with Anstine & Connor for the improvement of the Reigel Free Turnpike in Jackson township, Hardin county, Ohio. In August, 1915, Anstine & Connor entered into a verbal contract with Albert Ropp, the plaintiff, to do certain hauling for this improvement at an agreed price of four dollars per day. Plaintiff in the execution of this contract hauled on dates *42 running from August 10, 1915, to September 1, 1916, to an extent which by the terms of his contract amounted in value to $158.95. Of this amount $32.35 is claimed to have accrued on work done after an alleged subcontract had been entered into between Anstine & Connor and Dalton Hord for the carrying on of this same improvement.
The plaintiff filed proper notices, and perfected a lien within the statutory time from the date of the last hauling, but it is contended by the defendant Hord that this perfected a lien only for the $32.35, upon the theory that labor in value to this amount was done while Hord was executing his contract, and the balance was done under an independent contract between Anstine & Connor and the plaintiff Ropp.
This theory of Hord is presented as an issue by the averments of his answer, which are denied by the plaintiff.
Whether Hord be considered as a subcontractor undertaking to complete the work covered by the original contract between the commissioners and Anstine & Connor, or as an independent contractor with the commissioners, it may be said that in either event what he undertook to do was to complete the work that was originally contracted to be done by Anstine & Connor.
It is clear that the plaintiff began the execution of his contract for hauling, and from all that appears in the evidence he had no reason to believe when he began his work in the spring of 1916 that he was but completing the undertaking that he had originally contracted to do, no evidence being *43 offered tending to show that he had any reason to believe that the work which he had already done in the execution of this contract should be considered as a past transaction, or that the work he was finishing was to be paid for in any other manner than the work which he had already done.
As was said by Judge Spear in the case of Vernon, Admr., v. Harper et al., 79 Ohio St., 181, 187: “The policy of the state with respect to the claims of laborers and material men to be compensated for their work and material out of the structure to which their work and material have contributed is indicated by the statute as to liens and has been clearly defined in a number of decisions in this and other courts. The statute should be liberally construed in order to carry out the purpose of the general assembly in its enactment, the legislation being highly remedial in character.” .
Following the thought expressed by this same jurist, at page 188, it may well be said that Hord finished the work, that was to have been done by Anstine & Connor, through the aid of this plaintiff, who furnished his labor, acting in good faith, in compliance with his contract originally entered into with the principal contractor, and his contribution to the work thus accepted by Hord enabled Hord to complete the work contemplated by the original agreement.
To deny plaintiff the advantage of his outlay would be to permit the mere letter to override and defeat the plain spirit and purpose of the statute.
Entertaining these views, we hold that the plaintiff is entitled to a lien on the fund for the full *44 amount of his claim. A decree may be drawn accordingly.

Judgment reversed and judgment for plaintiff in error.

Kinder and Crow, JJ., concur.