## No. 846

## DANEMAN et v. UNION LUMB. & COAL CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1138. Decided June 7, 1926

755. MECHANICS' LIENS—Where deliveries are furnished from time to time for a particular purpose, even if under separate contracts, if the work is continuous, they will be considered as one, and time for filing mechanics' lien dates from the last item furnished.

FUNK, J.

The Union Lumber & Coal Co. as materialman and subcontractor, began an action against Peter Daneman et. in the Summit Common Pleas to foreclose its mechanics' lien in the interest of said Daneman on certain real estate. The case was tried without a jury and the court found in favor of the company and ordered the sale of the premises.

Error was prosecuted and Daneman claimed the decree of the court was manifestly against the weight of the evidence and contrary to law in that there was no evidence to prove delivery of any of the lumber claimed to have been delivered; that the lien was not filed within 60 days after the last material was furnished and that if the lumber claimed to have been delivered on Aug. 3rd, was so delivered, it was purchased and delivered under a separate contract and the Company would not be entitled to a lien for any part of its claim except that delivered on Aug. 3rd. The Court of Appeals held:

1. The evidence discloses that the Lumber Co. delivered all the lumber that went into the building so that there is ample evidence to justify the court in finding that the lumber was delivered as claimed.

2. Deliveries furnished from time to time for a particular purpose, even if made under separate contracts, if the work is continuous, will be considered as one; and the time limit for filing a mechanic's lien will date from the last item furnished.

3. Under the record, it appears that the head contractor and the sub-contractor Lumber Co. believed that they had but one general contract or arrangement between them in that the Lumber Co. would furnish all the lumber necessary for the building, which included certain shelving put in by the head contractor as part of his original contract.

4. Therefore the lumber required was furnished on Aug. 3rd, and was required to complete the original contract; the work was continuous and the material was furnished from time to time for a particular purpose.

5. There being no prejudicial error in the record, the judgment is affirmed.

Judgment affirmed.

Attorneys—W. J. Laub for Daneman; Walter S. Hutchison for Company; both of Akron.

---

## No. 847

## HAWKINS v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6643. Decided March 1, 1926

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

494. EXTORTION—Justice of Peace accepting check for dismissing case is guilty of extortion.

681. JURISDICTION—Municipal court has jurisdiction of crime occurring in Cleveland.

MIDDLETON, J.

R. R. Hawkins, a Justice of Peace in Cuyahoga County, was convicted in the Cleveland ·Municipal Court of the crime of extortion. He seeks to set aside this conviction, alleging that the judgment was contrary to the evidence and that the court had no jurisdiction. The Court of Appeals held:

1. Testimony being given to the fact that the crime charged occurred in Cleveland, gave the court jurisdiction.

2. Evidence clearly shows that Hawkins accepted a check for dismissing a charge of selling intoxicating liquor, and that neither the charge or the amount received was ever docketed.

Judgment therefore affirmed.

Attorneys—Carpenter & Smith for Hawkins; Jacob Stacel for State; all of Cleveland.