## The A. M. Lewin Lumber Co. *v.* Gutman et al.

(Decided November 18, 1929.)

*Mr. Leonard H. Freiberg,* for plaintiff.
*Messrs. Heintz & Heintz* and *Mr. Nathan Vigran,* for defendants.

Hamilton, J. This case is here on appeal. The plaintiff seeks the foreclosure of a mechanic's lien against the real estate of the defendants Harry Gutman and Rose Gutman.

The plaintiff claims a valid mechanic's lien on the premises by virtue of certain materials furnished to the contractor for the erection of a house for the defendants Harry Gutman and Rose Gutman.

The defendants, owners, deny the validity of the lien, on the ground that the same was not filed in time, since it is based on materials supplied under a separate contract between the owners and the

original contractor for the construction of the house, for the making of some alterations determined upon subsequent to the completion of the original contract and subsequent to the taking possession of the property by the owners.

The plaintiff company claims the lien for the whole amount of materials furnished going into the construction of the house, which was a St. Louis apartment. The basis of this lien is the furnishing, on August 17, 1925, of two drawers for breakfast nook tables, and the furnishing of the frames and trims for window openings for ventilation of the kitchens.

The lien was filed on October 15, which was 59 days from the date of the delivery of the two drawers for the tables on August 17. Therefore, unless the deliveries of August 17 and August 26 give the right for the lien for all the material furnished in the building, the plaintiff's lien is only good as to these items, the statute requiring the filing of the lien within 60 days from the furnishing of the last materials under the contract.

Section 8310, General Code, provides that every person who shall, as materialman, furnish materials to the original or principal contractor in carrying forward, performing or completing any such contract, shall have a lien to secure the payment thereof.

Section 8314, General Code, provides that such materialman, who wishes to avail himself of the provisions of the statute, shall make and file of record in the office of the recorder of the county in which such material was furnished an affidavit showing the amount due, the description of the property to be

charged with the lien, the name of the persons for whom such materials were furnished, and the owner, if known. Such affidavit shall be filed within 60 days from the date on which the last of the materials have been furnished at the building.

The controlling facts in the case, as disclosed by the evidence, are, in substance, as follows:

On January 1, 1925, the defendants entered into a contract with the Schostak Construction Company for the construction of a St. Louis flat building, according to plans and specifications furnished, at a stipulated price for the building complete.

The plans and specifications provided for breakfast nooks, both on the first and second floors, and provided that the breakfast nooks be equipped with benches at the side and tables in the center. The specifications did not call for drawers in the tables. The plans and specifications did not call for ventilating windows in the kitchens.

The contractor submitted the plans and specifications to the Lewin Lumber Company for its bid for the millwork. The Lewin Company bid for the millwork complete, $2,500. Later, an agreement was entered into between the owners and the construction company for the construction of a garage. However, this is not important in the case. The bid of the Lewin Lumber Company for the millwork was accepted by the contractor, and that company proceeded to furnish materials under its bid during the course of the construction of the building. During the progress of the construction there were some few changes, requiring some extras, which were furnished by the lumber company. The lumber com-

pany had completed its deliveries under the original contract for the building in July, 1925.

On August 10, 1925, the Gutmans accepted the building and moved in, taking possession. Seven days later Mrs. Gutman informed the contractor she desired drawers put in the tables in the breakfast nooks for silverware. The tables were ordinary breakfast nook tables, not attached to the building.

Mrs. Gutman further concluded there was lack of ventilation in the kitchens, and informed the contractor she desired a ventilating window put in the blind wall for ventilation. The blind wall was constructed in accordance with the original plans and specifications. The contractor informed her he would make the alterations at actual cost of material and labor. This was agreed to, and the contractor's superintendent ordered two drawers from the lumber company for the tables, which were delivered at the property, as heretofore stated, on August 17, 1925, and were put in by the contractor.

The window frames and trim, which were for small ventilating windows, were ordered and sent out on August 26, and the openings were cut and the ventilators were installed by the contractor under this arrangement.

The plaintiff argues that the furnishing of the items on August 17 and 26 was for extras under the original contract, and that the account was but one account, and that the filing of the lien on the 59th day subsequent to August 17 was within time, and cites cases tending to support this claim.

The defendants argue that prior to the 17th of August the building was complete under the original contract, and the owners had taken possession; that

the table drawers and the ventilating windows not being a part of the original plans and specifications, and being arranged for subsequent to the completion of the original contract, no lien could be had except for the item of material furnished August 26; that the furnishing of the table drawers was simply the purchase of pieces of furniture, which were not lienable; that the ventilating windows were under a subsequent, separate, and distinct contract, and could not be made the basis of the lien for materials furnished under the original contract; that the putting in of the ventilating windows was a convenience determined upon subsequent to the completion of the house, and not connected with its construction, and they cite cases in support of that proposition.

In all cases turning on a state of facts, each case must be determined upon its own facts, and such cases are only suggestive of the mind of the court in the cases cited. Some of the cases cited are under differently worded statutes, and are of no assistance.

As heretofore stated, Section 8310, General Code, provides that the materialmen may have a lien in carrying forward, performing, or completing any such contract, and the lien will obtain provided it is filed within the terms of Section 8314, General Code.

While plaintiff introduced some evidence to show that the house was not completed prior to August 10, 1925, the evidence is overwhelming that nothing was done on the house subsequent to that time except the putting of drawers in the tables and the placing of the ventilating windows, so that we must find from the evidence that the house was complete

when the owners accepted it and moved in on August 10.

The materialman, the plaintiff in this case, was entitled to a lien for furnishing materials "in carrying forward, performing, or completing any such contract." The contract having been completed, the plaintiff was bound to file its affidavit for a lien within 60 days of the furnishing of the last material, which the evidence shows was in July. This was not done.

It would require a strained decision indeed to hold that the furnishing of the drawers for silverware for the tables, and the cutting of the small windows for ventilation some time after the completion and acceptance of the building, performed under a new arrangement by which the same were to be paid for upon the basis of actual cost of material and labor, were any part of the carrying forward, performing, or completing of the original contract for the construction of the building. The evidence is ample that the items were for matters independent of the original contract, and were no part of the materials for the carrying forward, performing, or completing the original contract. The ventilating windows were not contemplated or provided for. The same may be said of the drawers for the tables. The items were for the construction of conveniences desired by the owners subsequent to their taking over and accepting the building as completed.

Our conclusion, therefore, is that the claimed lien must be limited to a lien for the materials furnished on August 26, 1925. A decree may be presented accordingly.

*Decree accordingly.*

Ross, J., concurs.

464

■■■■■■■■■■■■■

CUSHING, P. J., dissenting.

This case is here on appeal. Counsel for plaintiff made a motion to be allowed to offer additional testimony in support of his contention that the building was not completed when the Gutmans moved in. The matter was set for hearing, and counsel for defendants objected, and two members of the court refused to allow any further testimony to be introduced. The rights of the parties depended upon the facts, and, if the building was not completed when the Gutmans moved in, counsel should have been given an opportunity to introduce testimony as to when the building was completed.

For the above reason, I dissent from the majority opinion.