JANVIER, Judge..
The only question remaining in this case is whether the plaintiff corporation is en *568 titled to a lien and privilege on the property of the- defendants, Mr. and Mrs. Edson M. Kruger. The amount of the indebtedness and the personal liability for the indebtedness are both conceded.
The facts are not complicated. Mr. and Mrs. Kruger own the premises described as 1519-21 Pryt'ania Street, in New Orleans. In March, 1948, they decided to make repairs or' alterations, and, to this end, entered into a verbal contract with Gilbert King, a contractor. Though the contract price was $2100.00,, the contract was not reduced to writing, no -recordation of it was made in the office of the Recorder of Mortgages for the Parish of Orleans, and no bond was required from the contractor.
Tbe contractor," King, purchased certain lumber, millwork and other materials and supplies from plaintiff corporation, which admittedly were delivered on the premises to be used in the performance of the work. The last delivery of material, made by plaintiff, was on April 8th, 1948.' Work was commenced, but the job'was not completed, the record establishing the fact that no work whatever was done on the job after the “first week in April”, 1948. On September: 3rd, 1948, á lien was duly recorded" by plaintiff corporation in the office cf the Recorder of Mortgages for the Parish of Orleans in M.O.B. 1683, at folio 370. The acco'unt was never paid, and this suit is the result.
The amount claimed .in the petition was $695.53. 'Personal judgment for that amount was prayed for against the contractor, Gilbert King, and also- against Mr. and Mrs. Kruger, and plaintiff also prayed that its lien and privilege be recognized and enforced and, if necessary, that the property be sold and that out of the proceeds the claim of plaintiff be paid by preference and priority over all other persons.-
There was judgment for plaintiff for $642.60 against Mr. and Mrs. Kruger, and the lien of plaintiff was recognized and ordered enforced. The- suit as against the contractor, King, was dismissed without prejudice, since it appeared that no proper service of citation- had been made on King.'
' Mr. and Mrs. Kruger admit the correctness' of the -amount awarded and the correctness of the judgment as against them personally, but they appealed from the judgment insofar as it recognizes the lien of plaintiff.
- The sole contention of - the • defendants is that whatever right plaintiff may have had to a lien was lost by its failure to record its lien within sixty days from the time at which work on the building was abandoned.'
Plaintiff contends that since the work was never completed the lien was recorded well, within the time limit fixed by the pertinent statute; that where there is a right to a lien the recordation may be made at any time prior to -the. expiration of sixty days from the acceptance of the work when-there is a contract, and within sixty days of the completion of the work where the owner himself undertakes it- without contract.
In a determination of this question there is involved an interpretation of certain provisions of Act 298 of 1926, which, it is conceded, is the pertinent statute. There is a very comprehensive discussion of that statute in National Homestead Ass’n v. Graham, 176 La. 1062, 147 So. 348, 351. The portion of that decision which is interesting here is that in which Section 12 is interpreted. That section reads as follows: “When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the said owner, for which no contract has been entered into, or when a contract has been entered into but has not -been recorded, as and when required by this act, then any person furnishing service or.material or performing any labor on said building - or other work may record in the office of the Clerk of Court or Recorder of Mortgages in the parish in -which said work is 'being done or has been done a copy of his estimate or an affidavit of his claim or any other writing evidencing.same, which recordation, if done within sixty days after the daté of the last delivery of all material upon said property *569 or the last performance of all services or labor upon the same, by said furnisher of material or said laborer, shall create a lien and privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor ■or delivered material in connection with the said work of improvement, as his interest may appear. Said lien and privilege, recorded as aforesaid, shall constitute a lien and privilege, against the said property for a period of one year from the date of its filing, unless interrupted by judicial proceeding, during which judicial proceeding said prescription shall not run. * * *
The above section was not affected by the amendment of the statute as a whole which resulted from Act 323 of 1938.
In the Graham case the owner, instead of •employing a contractor and recording his contract and bond, undertook to do the work himself and to purchase the necessary materials and to employ the necessary carpenters and other craftsmen. There arose the question of when, under these circumstances, liens must be recorded.- It was contended that a furnisher of material must record his lien within sixty days of date ■of the last delivery by him and that a carpenter or other craftsman must record his lien within sixty days of the lhst day on which he -performs services. The Supreme Court refused to accept this interpretation and said1: “ * * * We do not so construe the language of the act. We construe it to mean that the claim must be filed and recorded within 60 days after the last labor is performed on or last material is furnished for the building by any one. In other words, if the claim is filed within 60 days after the final completion of the building, it is in time, even though the laborer or furnisher of material did not file his claim within 60 days after he performed his last labor or furnished his last material on the building.”
To indicate without any possible misunderstanding as to what the Court meant, it repeated its conclusion in the following language: “In the case at bar, some of the claims were not filed within 60 days after the last labor was performed and the last material furnished by the particular claimants, but were filed within 60 days after the building was completed, and it therefore becomes necessary to decide the .question. We now do so, and hold that .under section 12, Act. No. 298 of 1926, the. filing and recording of claims .within 60 days after the final completion of a building or other structure creates a lien on the building or structure and on the grounds, regardless of,the date on which the last .labor was performed or last material furnished' by the particular claimant.”
Counsel for defendants maintains -that while the above-stated rule is applicable to the situation presented in that case, the-situation is different where the building is never completed and- work is . abandoned, and counsel declares that, where. there is an abandonment, the sixty-day period, for the recording of liens should commence to run- from the day on which the owner definitely decides that he will not go further with the contemplated work. Counsel says that very shortly after April 1st, the defendants ‘ found it impossible to locate the contractor and, therefore, being unable to prevail upon him tó proceed with the work, they decided to abandon the'project and that the sixty-day period for the filing of liens began to run as soon as they reached the conclusion that they would abandon the work;
It is very true that there seems to, be nothing in the statute which fixes the time within which the. sixty-day period shall commence to run when the owner himself undertakes the work, but there are in the decision of the Supreme Court in the Graham case expressions to which counsel for defendants points which, he says, are at least suggestive that the time of the last delivery is of importance in such situation as is presented here. He argues from this that, where there is an abandonment, the time for the filing of liens commences to run from the moment of definite abandonment.
In the Graham case the Court, referring to the situation in which the owner himself undertakes the work, said: “When the work is done by the owner, he is the contractor. The work is completed when the *570 last material is furnished and the last labor is performed. 'That date corresponds to the date of acceptance when the work is done by contract.”
We are, however, not concerned with the question of when to commence the sixty-day period when the work is completed. Our problem is when to commence the sixty-day period when the work is never completed and the job is abandoned. The District Judge decided that even if it should be properly held that where there is an actual abandonment and the owner decides not to have the work continued, the sixty-day period commences at the time the owner so decides, nevertheless the lien filed by the plaintiff here was not filed too late because long after the discontinuance of the actual work on the project and, in fact, until well within the period of sixty days before-the lien was' filed, the owners had not abandoned the . project and were still hoping to be able to have the contractor recommence operations.
We are not at all certain as to when the sixty-day period should commence when there is an actual definite abandonment of the job. We find it difficult to persuade ourselves that in such a case the beginning of the sixty-day period may be fixed by any mental determination of the owner. The statute, as interpreted by the Supreme Court, declares that where there is a contract, the materialmen and the laborers and others shall have sixty days from -the acceptance of the work within which to file their liens, and that where there is no contract, they shall have sixty days from the completion of the work. A prospective lienor, thereforé, need only watch the job to see when'the work is completed since he knows that after it is completed he will still have sixty days within which to record his lien. So long as it is not completed, he knows that he still has ample time. How can he determine when the owner has agreed to an abandonment? How can he know that the time for the filing of his lien is running out? He. will see that the work, in its- incomplete state, is still unfinished and yet when he records his claim he will be told that more than sixty days before that the owner decided that he would go no further with the work and that, therefore, he has lost his lien.
Still if we assume that such result may be accomplished by the mere mental determination of the owner that the work is abandoned, we must nevertheless agree with our brother of the District Court that at the time this lien was filed there had not expired sixty days from the time at which the defendants still hoped to be able to persuade the contractor to proceed with the work. We agree with the District Judge that the evidence of the defendants themselves shows that they had not given up hope and had not abandoned the project until well within the period of sixty-days prior to the filing of the lien.
The property which is involved is described in the petition and in the judgment.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellants.
Affirmed.