JANVIER, Judge.
Gueydan Lumber Yard, a partnership composed of L. Joseph Gueydan and O. C. Gueydan, brought this suit against Carl G. Reinwald and Mrs. Isabel McCaleb Porche, widow of Arthur J. Porche, Mrs. Porche being the owner of a partially completed dwelling in the Parish of Jefferson *40 which bears the Number 1204 Dilton Street and Reinwald being a contractor who made certain repairs to the said dwelling.
The plaintiff partnership is engaged in the sale of lumber and building material, and it alleges that, at the request of Rein-wald, it delivered on the premises of Mrs. Porche certain lumber and building material at the price of $801.35; that the said lumber and material were used by Reinwald in proceeding towards the completion of the said building. It alleges also that in purchasing the said materials Reinwald acted as contractor or, in the alternative, that he made the purchase for use in the said building with the full knowledge, approval and consent of Mrs. Porche; that the materials were not paid for; that there was no written contract and that there was no recordation of any written contract in the office of the Recorder of Mortgages and that no bond was required of Reinwald.
' No serious defense was made by Rein-wald, but Mrs. Porche filed answer averring that Reinwald had not acted as contractor for her; that she had made a written agreement with Reinwald under which he was to complete the building and was to purchase it for a fixed price provided he could obtain the necessary homestead loan; that he did not obtain the loan and that therefore that agreement was never consummated, and that in view of the fact that Reinwald had agreed to buy the building after his completion of it, she, Mrs. Porche, is not liable and plaintiff is not entitled to a recognition of its lien against her property.
Mrs. Porche also contends that plaintiff’s lien should be erased for the reason that the recordation thereof was made more than sixty days after the last materials furnished by the plaintiff were delivered on the premises.
The real estate involved is described as follows:
. “Five (5) certain lots of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, advantages and appurtenances thereunto belonging or in anywise appertaining, in triangular square Five (5), bounded by Phelps, Russel and Dilton (formerly Jefferson Avenue) Streets, East Bank Subdivision, Parish of Jefferson, Louisiana. According to a blue print of survey by C. A. Robert, C. E., dated September 12, 1952, copy of which is attached to an act of sale by Airline Investment Co., Inc., to A. J. Porche, passed before J. F. Stafford, Notary Public, under date of December 4, 1952, said lots adjoin each other and measure each twenty (20') feet front on Dilton (formerly Jefferson Avenue) by a depth of one hundred twenty (120') feet between equal and parallel lines.
“The improvements thereon bear Municipal No. 1204 Dilton Street.”
There was judgment as prayed for in favor of plaintiff partnership solidarily against Mrs. Porche and Reinwald and recognizing the lien which had been recorded. Mrs. Porche has appealed. Rein-wald did not appeal.
The contract which was entered into between Mrs. Porche, the owner of the property, and Reinwald is a rather peculiar one under which Reinwald agreed to complete the dwelling which belonged to Mrs. Porche, to apply for a homestead loan, and, if it could be obtained, to purchase the property from Mrs. Porche. If this could be called a building contract, it was not recorded in the Mortgage Office of this Parish and no bond was required of Rein-wald who was to complete the building. Consequently, even if that document could be classified as a building contract, the owner would be liable for such material as actually went into the building and the property would be subject to a lien in favor of the furnisher of material, provided the lien was filed in time.
There is no doubt whatever that Mrs. Porche knew that material was required *41 for the completion of the building, since, the agreement to which we have ’referred specifically provided that Reinwald was to complete the building and since the evidence shows that Mrs. Porche well knew that much material would be required for its completion.
In Harding v. Wattigney, La.App., 62 So.2d 190, we followed the well established rule that where an owner of property employs someone to build on the property and either obtains no written contract or does not record such a contract or secure a bond from the contractor, the owner is liable for such material as may be delivered to and used in the construction. There we found that the owner of the property knew that the work was going on and we held that liability for the material necessarily resulted.
In Sirone v. Distefano, 67 So.2d 150, the Court of Appeal for the First Circuit cited our decision in Harding v. Wattigney, supra, and reached the same conclusion.
The contention of Mrs. Porche, that the lien was not filed within the time required by our Mechanic’s Lien Law, LSA-R.S. 9:4812, is, as we have said, based on the fact that the last delivery of material by plaintiff had been made more than six. months before the recordation of the lien in the office of the Recorder of Mortgages, the argument of Mrs. Porche being that under the cited section of our Revised Statutes the particular materialman who seeks the recordation of a lien must effect his recordation within sixty days of the time at which that particular materialman furnished the last material on the job. That contention cannot be sustained.
In National Homestead Ass’n v. Graham, 176 La. 1062, 147 So. 348, 351, that identical question was presented and the Supreme Court held that anyone who furnishes material, which is used in the construction or repair of a building, may file and record his lien within sixty days of the final completion of the building. The Court said:
“The contention made by the homestead company is that in order that a laborer, materialman, or any other may obtain a lien he must file and record his claim within sixty days from the date on which he performs his last labor, or furnishes the last' material. We do not so construe the language of the act. We construe it to mean that the claim must be filed and recorded within 60 days after the' last labor is performed on or last material is furnished for the building by any one. In other words, if the claim is filed within 60 days after the final completion of the building, it is in time, even though the laborer or furnisher of material did not file his claim within 60 days after he performed his labor or furnished his last material on the building.”
At the time that decision was rendered the statute which was applicable was Act 298 of 1926. Later Act 323 of 1938 was passed, but in Singer Lumber Co. v. King, La.App.; 45 So.2d 567, 569, we found that-the same question was presented — that it had been answered by the Supreme Court in the National Homestead case — and, referring to the statute of 1926, said that “The above section was not affected by the’ amendment of the statute as a whole which resulted from Act 323 of 1938.”
The record shows and it is in fact conceded that the building was not completed at the time of the recordation of the lien by plaintiff partnership, and, as a matter of fact, so far as the record shows it has never been completed. Accordingly, plaintiff is entitled, under the cited statute, to “a personal right of action against the owner for the amount of his claim” and also to “a privilege upon the building or other structure and upon the land upon which it is situated”.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.