AYRES, Judge
(concurring).
I concur in the decree for these reasons:
The filing of the lien, as required by LSA-R.S. 9:4812, within 60 days after the date of the last delivery of all material upon the property to be improved, or the last performance of all services or labor upon the same, has been held and interpreted to mean within 60 days after the final completion of the structure, regardless of the date on which the last labor was performed or the last material furnished by the particular claimant. Rathborne Lumber & Supply Co., Inc., v. Falgout, 222 La. 345, 62 So.2d 507; Trouard v. Calcasieu Building Materials, Inc., 222 La. 1, 62 So.2d 81; National Homestead Ass’n v. Graham, 176 La. 1062, 147 So. 348; Gueydan Lumber Yard v. Reinwald, La.App., 91 So.2d 39; Duffy v. Lagasse, La.App., 65 So.2d 337; Singer Lumber Co. v. King, La.App., 45 So.2d 567.
Plaintiff alleges, by virtue of its furnishing of certain materials for the improvement of defendant’s property, it has a lien and privilege on the property and the improvements thereon, and a personal right of action against the defendant, which lien and privilege and right of action have been preserved by the timely filing of an appropriate statement thereof in the mortgage records. This, defendant denied. Thus, an issue is presented under the aforesaid statute as to whether or not plaintiff timely filed its lien. The proof offered consists of only the deliveries of materials as set forth in plaintiff’s claim, by reference to which it is disclosed the lien was not filed within 60 days from the last delivery of materials by plaintiff. No other deliveries of material or the performance of labor were shown.
I am, therefore, in accord with the conclusion that plaintiff did not establish the timely filing and recordation of his lien and privilege so as to preserve such privilege or right of action against defendant.