THE SETTLE BUILDERS SUPPLY CO. *v.* FRANKEL-SHORE
PARTNERSHIP ET AL.

(No. A-723982—Decided December 4, 1974.)

Court of Common Pleas of Hamilton County.

*Messrs. Brumleve, DeCamp & Wood,* for plaintiff.
*Messrs. Strauss, Troy & Ruehlmann,* for defendants.

BETTMAN, J. This case, in which plaintiff prays for foreclosure of a mechanic's lien, was tried to the court. The facts, which are substantially undisputed, are that defendant Frankel-Shore, as owner, contracted with D. I. B. Construction Company, Inc., for the construction of apartments known as Regency Square. D. I. B. subcontracted all the concrete work required by the principal contract to U. S. Finishing (U. S.). Plaintiff, Settle Builders Supply, contacted U. S. about supplying materials necessary for the concrete work on the job. They discussed prices and it

was agreed that U. S. would call on plaintiff for the materials needed as the job went on. Such deliveries were commenced in July, 1971, and were made on delivery tickets marked "Sold to U. S. Finishing" and entered on plaintiff's ledger card under an account in the name of U. S. Finishing. Deliveries were made from time to time, the last delivery being December 1, 1971. On that date, U. S. abandoned the job and approximately at that time plaintiff-Settle, had a conversation with the general contractor, D. I. B., who advised plaintiff that it was going to finish the concrete work and would like materials from plaintiff. Plaintiff then resumed delivering the same type of materials to the job, from time to time, on delivery tickets marked "Sold to D. I. B. Construction" and entered the charge on a ledger card for D. I. B. The last of such materials was delivered to the job on March 8, 1972. On April 13, 1972, plaintiff filed its affidavit for lien for $1,003.13, which represented the materials delivered from July 2, 1971, through December 1, 1971; plaintiff having been paid by D. I. B. for all materials furnished thereafter.

Defendant's position is that plaintiff failed to perfect its lien because it was filed more than sixty days after the last material was furnished under plaintiff's contract with U. S. Plaintiff maintains that in order to have a valid lien all it needs do is file within sixty days after it last furnishes material at the building.

The resolution of the matter involves a determination of the meaning of R. C. 1311.02 and 1311.06. R. C. 1311.02 provides, in pertinent part, that:

"Every person who * * * furnishes * * * material * * * for constructing * * * [a] building * * * by virtue of a contract, express or implied, with the owner * * * and every person who as a * * * materialman * * * furnishes * * * material * * * to * * * any subcontractor, in carrying forward, performing, or completing any such contract, has a lien to secure the payment thereof * * *."

There can be no doubt that the words "any such contract" means the contract with the owner of the premises. *A. M. Lewin Lumber Co.* v. *Guttman* (1929), 34 Ohio App.

458, 171 N. E. 342. This is the all-encompassing blanket under which the labor must be performed or material furnished in order to obtain a lien on the owner's property. If work is done or material furnished under a contract with a contractor or subcontractor, one would not be entitled to a lien unless the work or material was pursuant to the principal contract with the owner. To put the matter more simply, an owner's land is only lienable for work done or materials furnished which were called for by his contract.

There being no question here that the materials furnished by Settle were for carrying forward the contract between defendant-owner and D. I. B., plaintiff would be entitled under R. C. 1311.02 to a lien. However, to perfect its lien plaintiff must comply with the provisions of R. C. 1311.06, which provides, in pertinent part:

"Every * * * materialman * * * shall make and file * * * an affidavit showing the amount due * * * the name and address of the person to or for whom such * * * material * * * was furnished * * * the name of the owner * * * and the name and address of the lien claimant * * *. Such * * * affidavit shall be filed within sixty days from the date on which the last of the * * * material * * * was furnished at the building * * *."

Plaintiff argues that since it last furnished material to the job in March, its lien filed in April is within time, and that it makes no difference that the material was furnished partly to U. S. and partly to D. I. B. since it was all furnished to the job and pursuant to the contract between the owner and the principal contractor. We feel such contention must fail on the basis of the language of R. C. 1311.06, the logic of the situation and the basic scheme of R. C. Chapter 1311.

Taking up first the general spirit of R. C. Chapter 1311—its intent is to provide laborers and materialmen liens for work done pursuant to a contract with the owner and also provide protection to the owner by requiring affidavits and certificates from all subcontractors and materialmen, etc., on every payout and, by virtue of the sixty-day lien limit, prompt notice to the owner of any claim that has

not for one reason or another been brought to his attention. If a materialman, who might be furnishing materials to a number of subcontractors working at different times on a job, could hold back until sixty days after the last material was furnished to the last contractor, an owner who had been taking every precaution the law provided him could suddenly find himself stuck with claims which should have been paid long before.

R. C. 1311.06 requires that the affidavit state the name and address of the person to or for whom such material was furnished. In this case, the affidavit states correctly that the material was furnished in pursuance of a contract with U. S. R. C. 1311.06 further provides that:

"* * * such affidavit shall be filed within sixty days from the date on which the last of *the* * * * *material* * * * was furnished at the building * * *." (Emphasis ours.)

The words "the material" can only refer to the material furnished to the person whose name and address is shown on the affidavit. In this case the lien affidavit shows the material was furnished to U. S., who all parties knew had abandoned the job on December 1, 1971, more than four months before the affidavit was filed. The statute might have been clearer had it used the words "such material" rather than the words "the material." Indeed that is the language used in the suggested affidavit for mechanic's lien provided for in R. C. 1311.06, which states, in part:

"A. B. * * *—says that he furnished * * * material * * * in and for construction * * * a certain * * * in pursuance of a certain contract, with C. D. * * * subcontractor * * *. The last of *such* * * * *material* * * * furnished on the ........... day of ........... * * * and there is * * * due * * * therefor from the said C. D. * * * the sum of ........ dollars, for which amount deponent claims a lien on said land of which ........... is * * * the owner * * *." (Emphasis ours.)

Plaintiff cites as authority for its contention that its lien is valid the case of *Ropp* v. *Bd. of County Commissioners* (Court of Appeals for Hardin County, 1917), 28 Ohio Ct. App. 74. In that case A had a contract with de-

fendants to improve a road. He entered into a verbal contract with plaintiff to do the required hauling. The hauling went on over some period of time and at some point during that period A contracted with H to complete the work. Plaintiff completed the required hauling and H claimed plaintiff's lien was only good for that hauling done after H took over the job. The court held that plaintiff had a good lien for all the work done.

In our opinion *Ropp* is distinguishable because, as pointed out by the court, plaintiff had no reason to believe that he was doing other than completing the work he had contracted to do. He was, said the court, acting in good faith and in compliance with the contract originally entered into. This, of course, is very different from the situation here presented where plaintiff was well aware that U. S. had abandoned the job and had made new arrangements with D. I. B.

The principle is well established that separate contracts cannot be tacked together so as to enlarge the time for perfecting one's lien. *King, Gilbert & Warner* v. *Ship Building Co.* (1893), 50 Ohio St. 320, 34 N. E. 436; *J. & F. Harig Co.* v. *Fountain Square Building* (1933), 46 Ohio App. 157, 187 N. E. 872. However, plaintiff argues that there were not in fact separate contracts here but that D. I. B. simply took over U. S.'s contract with Settle for furnishing materials for the concrete work for the project. The facts, however, do not support this proposition. There was no agreement between Settle and D. I. B. that D.I.B. would be substituted for U. S. and would assume the liability of U. S. under its contract with Settle. Perhaps that would present a different situation. The facts here are clear that plaintiff's contract with U. S. was simply a contract that it would furnish such materials to be used in the concrete work as were called for by U. S. and U. S. then left the job, effectively ending such contract. Thereafter plaintiff negotiated with D. I. B. to furnish further materials. The mere fact that the materials furnished both were used in completing the concrete work called for on the project does not make the two contracts into one.

In *United Masonry* v. *K. W. F.* (1968), 16 Ohio App. 2d 77, 241 N. E. 2d 912, where a subcontractor had learned that construction on the ·project had been suspended but delayed filing its lien hoping that it would be called back to complete its contract, the court held that the lien had to be filed within 60 days after the principal contractor had abandoned the contract.

The case of *Daneman* v. *Union Lumber & Coal Co.* (1926), 4 Ohio Law Abs. 663, contains some language which tends to support plaintiff's position. The court there stated: "Deliveries furnished from time to time for a particular purpose, even if made under separate contracts, if the work is continuous, will be considered as one; and the time limits for filing a mechanic's lien will date from the last item furnished." The abstract of the case leaves the facts unclear but it appears that the plaintiff lien-claimant incorporated some lumber into the building and also furnished lumber to the principal contractor. The true basis of the decision, as stated by the court, was that both the contractor and plaintiff believed they had but one general contract under which plaintiff would furnish all· the lumber necessary for the building which included certain shelving put in by the contractor as part of his contract. The court's statement therefore is in our opinion too broad.

Plaintiff also cites *National Surety Co.* v. *Price* (1915), 162 Ky. 632, 172 S. W. 1072. In that case the contractor abandoned the contract and the owner took charge of the work and finished it. Plaintiff, a subcontractor, filed a lien for work done under the contractor in addition to work done after the job had been taken over by the owner. Defendant claimed that work done for the original contractor was done under a separate contract and that the lien for such work was therefore not timely filed. The court stated the general rule that the time for filing a lien cannot be extended by furnishing material or performing labor under a new and independent contract and tacking the same to the original contract. It held, at page 642, however, that such rule had no application to the facts saying:

"* * * Here it is not sought to tack material furnished

under two separate and independent contracts for the purpose of extending the time for filing the notice. The contractor abandoned his contract. The owner did not make a new and independent contract * * * he told him to go ahead and finish the work. There was no change in the contract price or in the amount of materials to be furnished. The materials being required by the original contract, and that contract having been continued and adopted by the owner, and the materials having been supplied at his request, the time for giving the statutory notice should date, not from the time the last item was furnished while the contractor was in charge, but from the time the last item was furnished after the owner had told appellee to go ahead and complete his work. * * *''

This is not an Ohio case and therefore not binding on the court and in any event we consider it distinguishable on two grounds. First, in that case there was a specific contract for a specific amount of work at a fixed figure rather than the running account we have here. More importantly, it was the owner, not a contractor or subcontractor, who finished the work, so he personally had the opportunity to protect himself against the claim for work already done.

Although opinions from other states are not binding because of variations in the statutes being interpreted they do cast light on the principles of interpretation of the mechanic's lien laws. In *W. C. Gaston* v. *H. R. Stover* (1960), 126 So. 2d 360, the Court of Appeals of Louisiana held that where a materialman had furnished materials to a contractor who was then discharged by the owner and also to a second contractor then hired by the owner the sixty days for filing of lien for materials furnished the first contractor commenced to run from the date of cancellation of his contract rather than from the date of completion of the job by the second contractor. Likewise, in *Anderson* v. *Taylor* (1959), 55 Wash. 2d 215, 347 P. 2d 536, where the owner took over the job on default of the contractor and negotiated an agreement with plaintiff for completion of his subcontract, the court held plaintiff had to file his lien

for work done pursuant to the contract with the original contractor within the statutory time, as he was aware that the agreement with the owner was a new and separate contract.

The general rule is stated in 36 American Jurisprudence 99, Mechanics' Liens, Section 144:

"Where the statute requires the notice or claim of lien to be filed within a certain time after completion of the building or improvement, and the same is not completed, but work is abandoned thereon, the filing must be made within the specified time after such abandonment, the rule being that abandonment is equivalent to completion for purposes of the statute. In other words, the abandonment amounts to a constructive completion. * * *"
and in Demann's, Ohio Mechanic's Lien Law (2 Ed.), 221, Section 9.11:

"There [sic] the contract has been abandoned by the principal contractor all contractual relations between the contractor and his subcontractors, laborers and materialmen are abrogated and liens for labor and materials furnished should be filed within sixty days after the last labor was performed or materials furnished prior to such abandonment. A contract entered into with the owner after the original contractor has abandoned his contract is a separate contract."

This rule we believe correctly states the law of Ohio and where, as here, plaintiff-materialman knew that the contractor had abandoned the job he was required to file his affidavit of lien within sixty days thereafter and cannot extend the time for filing by furnishing materials to a different company which took over completion of the work.

Accordingly, plaintiff's complaint must be dismissed at its cost.