MARVIN, Judge.
Plaintiff materialman appeals from a judgment rejecting its demands for recognition of a materialman’s lien for brick furnished by it for the construction of a residence on defendant’s property. The lower court found the lien was not filed within the 60-day period after construction was abandoned. R.S. 9:4812.
The 60-day lien period begins to run in such cases from the time the abandonment becomes or should become reasonably apparent. Gaston v. Stover, 126 So.2d 360 (La.App. 2d Cir. 1960). The time when the abandonment becomes apparent is primarily a factual determination dependent upon the circumstances of each case, which is best made by the trial court.
We find no error in the trial court’s determinations and affirm the judgment.
Without a written, recorded construction contract, defendant’s son began construction of a residence on defendant’s property. On the son’s order, brick was delivered and used in the construction before August, 1974.
In August, 1974, the uncompleted residence was almost totally destroyed by a fire and defendant’s son collected the proceeds of a builder’s risk policy he had purchased covering the construction. There were no negotiations between defendant and plaintiff for the purchase of the brick and the sale of the brick was in no way ratified by defendant. After the house burned, the son’s wife gave her check to plaintiff for the amount owed for the brick. The check was not honored. Plaintiff then brought suit and obtained a default judgment against the son in February, 1975.
On January 14, 1976 (17 months after the fire), plaintiff recorded the materialman’s lien in question against defendant’s property and shortly afterward filed this suit against defendant, which is here appealed. It was about this time that defendant began constructing on the site of the burned residence a large steel and concrete block building for commercial or farm use. In defendant’s 1976 construction, the old slab was rebuilt and apparently enlarged for the new building. Plaintiff’s own employee testified, “. . .1 knew it could not be a house, you know, with a big, tall steel construction they had.” The record is devoid of evidence tending to show even an attempt to rebuild the burned residence or any other activity until defendant began his new construction some 17 months after the fire.
Considering the original construction’s destruction by fire and the inactivity on the site for more than a year thereafter, it should have been reasonably apparent that the original construction was in fact abandoned more than 60 days before plaintiff filed its lien in January, 1976. See Louisiana cases on question: “[Materialmen’s] *313 Liens—Time for Filing”, 52 ALR 3d 797, 822-824.
The burden of proving timeliness is on the materialman. Jeffer’s Trust v. Justice, 253 So.2d 234 (La.App. 4th Cir. 1971).
At appellant’s cost, judgment is
AFFIRMED.