LOTTINGER, Judge.
This is a suit to enforce a materialman’s lien arising out of construction of a swimming pool at a Baton Rouge residence. From a trial court judgment in favor of the plaintiff rendering a personal judgment against the defendant-owner, the defendant-owner brings this appeal.
At issue on appeal is whether the materi-alman’s lien was filed timely, and if it was, whether it sufficiently described the property-
This case was submitted to the trial court on stipulated facts. The defendant, Donald Kenaly, entered into a contract with the other defendant, Kel-Bar, Inc., for the purpose of constructing a swimming pool at Kenaly’s residence. Neither the contract nor a bond was recorded. The plaintiff, Clegg Concrete, Inc., under a subcontract with Kel-Bar, delivered materials to Kenaly’s residence from October 19 to October 23, 1978. The total cost of the materials amounted to $1,471.98, and the materials were used in construction of the pool.
On November 11, 1978, Kel-Bar left the job site and never returned. Kenaly’s attempts to get Kel-Bar back on the job were unsuccessful.
On January 26, 1979, Clegg filed a lien against Lot 474, Sherwood Forest Subdivision, with the municipal number noted as 12234. While the lien affidavit contains the correct municipal number, it does not contain the correct lot number. Kenaly owns lot 747 and not 474.
On February 20, 1979, Kenaly contracted with another pool construction company to finish construction of the pool. The job was completed on May 12, 1979.
*179 Relying on authority from the Orleans and Fourth Circuit Court of Appeal, the trial court held the lien was valid because there was no indication that the owner abandoned the project. “To the contrary,” wrote the trial court, “it appears that he moved it forward towards its ultimate completion.” See Gueydan Lumber Yard v. Reinwald, 91 So.2d 39 (La.App. Orl.1957); First Wisconsin National Bank of Milwaukee v. Novem, Inc., 349 So.2d 370 (La.App. 4th Cir. 1977).
TIMELINESS OF THE LIEN
Under La.R.S. 9:4812, the provision of the Private Works Act applicable to this case, a materialman has a privilege on the property of the owner if a lien affidavit is filed in the mortgage records “within 60 days after the date of the last delivery of all material upon the said property, ... by the said furnisher of material.... ” Much of the confusion regarding timeliness of a lien under this provision could have been avoided had the courts interpreted the statute to mean that the 60 day period begins to run from the date of the last delivery of material by the materialman filing the lien. Our courts, however, have fairly consistently held that the 60 day period does not commence until at least the last delivery of material or last performance of labor by any materialman or laborer on the job. For example, see Rathborne Lumber & Supply Co. v. Falgout, 222 La. 345, 62 So.2d 507 (1952); Trouard v. Calcasieu Building Materials, Inc., 222 La. 1, 62 So.2d 81 (1952); National Homestead Ass’n v. Graham, 176 La. 1062, 147 So. 348 (1933); Lard Electric Company, Inc. v. Miller and Associates Construction Company, 267 So.2d 616 (La.App. 3rd Cir. 1972); McGill Corporation v. Dolese Concrete Company, 201 So.2d 125 (La.App. 1st Cir. 1967).
In cases in which the work is not completed, some courts have held that the time period does not start running until the owner abandons his hope of completing the structure. First Wisconsin National Bank of Milwaukee v. Novem, Inc., 349 So.2d 370 (La.App. 4th Cir. 1977); Louisiana Brick &
Tile Corporation v. Browning, 343 So.2d 311 (La.App. 2nd Cir. 1977); R. F. Mestayer Lumber Company v. Tessner, 101 So.2d 238 (Orl.La.App.1958); Singer Lumber v. King, 45 So.2d 567 (Orl.La.App.1950). This court in Cain v. Central Plumbing and Heating Company, 85 So.2d 376 (La.App. 1st Cir. 1956), expressed serious reservations about the “hope of completion test,” principally because such subjective criteria could lead to “an indefinitely lingering time within which to record liens to the possible unreasonable displacement of the rank of mortgages and other subsequent claims against the property.” 85 So.2d at 379. In the case at bar the owner could have waited a year before finding a new contractor or completing the work himself. But who is to say when a homeowner has abandoned his “hope of completion.” Obviously no one would want an unfinished swimming pool in his back yard. The absurdity of the subjective test becomes evident with each passing thought.
The Cain court interpreted Graham (the major Supreme Court case in this area) to mean that the 60 day lien filing period should commence when the last work is actually done on the contract. Such an “objective manifestation of the completion ... is a more reliable indicia of completion of the work . . . . ” 85 So.2d at 378. The Third Circuit in Lard Electric, supra, similarly held that the lien period commences 60 days after performance of the last labor or furnishing of the last materials “by any potential lienor under the same general contract . . .. ” 267 So.2d at 620.
In the case at bar, Clegg furnished materials to Kel-Bar through October 23, 1978. Kel-Bar halted work on November 11,1978. Although the stipulation concedes that the defendant Kenaly continued his hope of completing the project and indeed eventually obtained another contractor to finish the work, we are of the opinion that allowing Kenaly’s hope of completion to serve as the basis for when the 60 day period begins to run could lead to absurd consequences which were never intended under the Private Works Act. In a case in *180 which one contractor defaults on his job and another contractor is later hired by the owner, materialmen and laborers for the first contractor should have 60 days from the date of the last delivery of materials or last performance of labor by any one under the same contract within which to file their liens. The same reasoning should hold true whether a contractor is involved or the job is self contracted. If there is an interruption in the work that exceeds the applicable lien period, then the lien must be filed timely counting from the date the last materials were delivered or labor performed prior to the interruption. Otherwise, the interruption could last indefinitely and absurdity would reign. As Judge, now Justice, Lemmon stated in Jeffers Trust v. Justice, 253 So.2d 234 (La.App. 4th Cir. 1971), “A claimant knows when he performs his services or delivers his materials, and he knows whether or not he has been paid. It is not necessary to a claimant, nor is it fair to an owner or mortgagee, to extend the beginning of the lien period far beyond the date of the last furnishing of materials, services or labor ... . ”
The first contractor in the case at bar defaulted on November 11,1978. Clegg had 60 days from that date to file its lien. Having failed to file the lien within that time, Clegg’s privilege upon Kenaly’s property was not preserved and the lien is invalid. Having so found, we do not need to decide whether the property description in the affidavit of lien was sufficient.
Judgment herein was a personal judgment against defendant-appellant. La.R.S. 9:4812 provides for a personal cause of action against the owner as follows:
“Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or subcontractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one year from the aforesaid recordation of his claim, which cause of action shall prescribe one year after the date of said recordation. This shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorized agent.”
The personal cause of action is predicated on the recordation of a claim, meaning timely recordation as contemplated by the lien statute. Since we have held that the claim was not filed timely, it follows that there is no personal cause of action against the owner, and the judgment must be reversed.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of defendant, Donald Kenaly, and against Clegg Concrete, Inc. dismissing plaintiff’s suit. All costs, both in this court and in the trial court, are assessed against plaintiff.
REVERSED AND RENDERED.
PONDER, J., concurs in the result and assigns reasons.