Argued March 6, affirmed May 22, 1923.

# FOX & CO. *v.* ROMAN CATHOLIC BISHOP.

(215 Pac. 178.)

**Mechanics' Liens — "Completion" of Building not Dependent upon Correction or Repair of Defects.**

1. A building, as respects time for filing liens, is completed when the contractor has substantially complied with the terms of his contract, and the later work of supplying trifling items omitted or repairing defects or remedying inferior workmanship will not be considered as postponing the time limitation for filing liens.

**Mechanics' Liens—Liens Held not Filed in Time.**

2. In mechanics' liens suits, evidence *held* to show building was substantially completed more than the statutory thirty days before liens were filed.

From Wasco: FRED W. WILSON, Judge.

Department 2.

This suit was originally brought by Fox & Company to foreclose a materialman's lien upon a certain building called the "Vogt Catholic Boys' School," located in The Dalles, Oregon. The building was the result of a benefaction by will by one Maxmillian Vogt of the sum of $10,000. Reverend Father Bronsgest was trustee for the same; the real title to the property being in the Roman Catholic Bishop of the Diocese of Baker City. The C. K. Spaulding Logging Company and E. L. Knight & Company were

---

1. Effect of addition of new items to extend time for filing mechanics' lien, see note in 35 L. R. A. (N. S.) 901.

made codefendants with the Roman Catholic Bishop on the ground that they also claimed liens upon the property. There was a trial in the Circuit Court and it was there found that the liens of the plaintiff and the defendant companies were not filed within thirty days after the completion of the building and a decree was entered dismissing the suit as to the plaintiff and the other lien claimants, C. K. Spaulding Logging Company and E. L. Knight & Company, who had filed cross-complaints.                            AFFIRMED.

For appellants Fox & Co. and E. L. Knight & Co., there was a brief over the name of *Messrs. Lewis, Lewis & Finnegan,* with an oral argument by *Mr. Arthur H. Lewis.*

For appellant C. K. Spaulding Logging Co., there was a brief and oral arguments by *Mr. W. T. Vinton, Mr. Walter L. Tooze, Jr.,* and *Mr. Francis V. Galloway.*

For respondent there was a brief over the name of *Messrs. Wilson & Bradshaw,* with an oral argument by *Mr. W. H. Wilson.*

McBRIDE, C. J.—The testimony in this case is exceedingly contradictory and the whole case turns upon the date of the completion of the building. The claim of lien of Fox & Company was filed on the fifteenth day of March, 1919, and it seeks to establish the fact that the building was completed on the fourteenth day of February, 1919. E. L. Knight & Company filed their lien on the twenty-sixth day of March, 1919, and claim that the building was completed on the twenty-sixth day of February, 1919. The C. K. Spaulding Logging Company filed its lien on the

eighteenth day of March, 1919, and claims that the building was completed on the seventeenth day of February, 1919. The defendant bishop claims that the building was completed not later than February 5, 1919.

1. The law in relation to what constitutes the completion of a building is fully laid down in *Avery* v. *Butler,* 30 Or. 287, 292, 47 Pac. 706, and need not be further discussed here; the rule being that there must be a substantial compliance on the part of the contractor with the terms of his contract, although merely inferior workmanship will not be held to be a noncompliance if accepted in good faith by the employer as compliance.

2. In this case one H. Cramer was the original contractor and the materials and labor furnished by the various lien claimants here were furnished at his instance. We are of the opinion from all of the testimony that while the contractor was guilty of furnishing inferior materials and, in some respects, slighting his work, the building was substantially completed not later than February 5, 1919, and that while some other work was done in the way of substitution after that time it was only of a character to make good defects in work already performed and not sufficient to keep the liens alive after the expiration of thirty days from February 5, 1919. It is not every trifling omission, even in matters stated in the contract, that will keep running the time for filing a lien if the employer in good faith is willing to overlook such omission or by mistake has failed to observe it. This is the doctrine taught in *Avery* v. *Butler, supra,* and in all like cases.

There was some testimony by the manager of Fox & Company tending to show work done by him or at

the contractor's instance at a later date than February 5, 1919, but it was largely hearsay and we think overborne by the circumstances of the case and the testimony to the contrary introduced by the defendant bishop.

The testimony on behalf of E. L. Knight & Company indicates that their agent put in some switches and did some slight work in correcting omissions and mistakes that had been made in the original electrification of the building, for which he appears to have fixed no price; nor does it appear from his testimony that it was any part of Cramer's original contract, although it seems probable that Cramer had slighted this part of his work, as he seems to have done other portions of it whenever he had an opportunity. It does not appear that E. L. Knight & Company made any charge for this work and it was evidently very trivial in its character.

The showing of C. K. Spaulding Logging Company is that it made a shipment of lumber to the amount of $3.55 to Cramer on February 17, 1919. Cramer had claimed that certain material, veneer panels and molding, previously furnished were defective and these materials were sent to enable him to replace other materials which by reason of alleged defects had failed to answer the purpose for which they were intended. From other evidence it appears that Cramer did, of his own accord and after the building was accepted, replace the alleged defective materials with these materials which were shipped to him on the seventeenth day of February, but this was as a mere replacement of defective materials and not work upon the original contract of a character which would prolong the time for filing a lien for materials

furnished to the contractor to enable him to carry out his original contract.

While it seems unfortunate that the boys for whose education this building was intended should go to this school with the consciousness that the building which was erected for their accommodation and education had not been paid for and that the very materials which formed the structure had been obtained at the expense of the materialmen who furnished them in good faith, and payment therefor avoided by reason of technical failure to file liens within the proper time, we hold that defendant was legally within its rights in refusing to pay the liens not technically filed within the time required by law.

The decree of the Circuit Court is affirmed.

AFFIRMED.

BEAN, BROWN and McCOURT, JJ., concur.