(No. 4651.   May 26, 1927.)

GEM STATE LUMBER COMPANY, a Corporation, Appellant, v. SCHOOL DISTRICT No. 8, IN CARIBOU COUNTY, IDAHO, F. L. SHUFELDT and JOHN STAATS, Respondents.

[256 Pac. 949.]

MECHANICS' LIENS—ACTION IN FORECLOSURE—MATERIALMAN'S LIEN NOT DEFEATED—FILING LIEN IN TIME—BURDEN OF PROOF. ·

1. Where plaintiff seeking to foreclose materialman's lien had no knowledge, actual or constructive, that after completion of schoolhouse contractor entered into another contract for other

work thereon, and furnished materials under successive orders from contractor with no unreasonable interval lapsing between orders, lien will not be defeated because of failure to file it within 60 days after alleged completion of first contract.

2. Where defendant seeks to defeat claims of materialman's lien by showing that material was furnished on two separate and distinct contracts, and that lien was not filed in time to secure claim for material furnished on first contract, defendant has burden of proving either that plaintiff had actual notice that material was furnished and used on separate contracts, or to show circumstances imputing constructive notice to plaintiff.

APPEAL from the District Court of the Fifth Judicial District, for Caribou County. Hon. Robert M. Terrell, Judge.

Action to foreclosure materialmen's lien. Judgment rendered against defendant Shufeldt, but denied as against defendants School District No. 8 and Staats. *Affirmed* as to defendants Shufeldt and Staats; *reversed* as to defendant School District No. 8.

Albert A. Mattson and Merrill & Merrill, for Appellant.

Where materials are furnished for the same building or improvements in instalments and at intervals, and the parties intend them to be included in one account and settlement, the entire account will be treated as a continuous and connected transaction, and the lien limitation begins to run from the date of the last item of the account. (*Valley Lumber Co. v. Driessel,* 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299; *Jones & M. Lumber Co. v. Murphy,* 64 Iowa, 165, 19 N. W. 898; *Page v. Bettes,* 17 Mo. App. 366, 375; *Louisiana etc. Lumber Co. v. Myers,* 87 Mo. App. 671; *Darlington Lumber Co. v. Harris,* 107 Mo. App. 148, 80 S. W. 688.)

Publisher's Note.

1. See 18 R. C. L. 932.

See Mechanics' Liens, 40 C. J., sec. 237, p. 202, n. 52; sec. 650, p. 460, n. 49 New.

Where a defendant seeks to defeat the plaintiff's right to recover in an action to foreclose a mechanic's lien by showing that the material was furnished on two separate and distinct contracts, and that the lien was not filed in time to secure the claim for the material furnished on the first contract, the burden of proof is on the defendant to show either that the plaintiff had actual notice that the material was furnished and used on two separate contracts, or else show such circumstances as would compute to plaintiff constructive notice and put him on his inquiry to ascertain that two or more contracts did in fact exist.   (*Valley Lumber Co. v. Driessel, supra.*)

C. E. Melvin, for Respondents.

Where the statute provides that the time for filing a lien shall be computed from the date of the last item of material furnished, such time begins to run from a substantial completion of the contract, and new items thereafter added to the account will not extend the time in which to claim a lien or revive a lien already expired.   (*Gem State Lumber Co. v. Witty,* 37 Ida. 489, 217 Pac. 1027; *Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; 18 R. C. L. 933, sec. 64; *Badger Lumber Co. v. Parker,* 85 Kan. 134, 116 Pac. 242, 35 L. R. A., N. S., 903.)

The occupancy of a building constitutes constructive completion under the mechanic's lien law.   (*Emigh-Winchell Hdwe. Co. v. Pylman,* 38 Cal. App. 508, 176 Pac. 722.)

It is a general rule that after a contract is completed and closed, the time for filing a statement or claim of lien cannot be extended, or the right revived, by furnishing material upon a new contract, and tacking the same to the original contract, especially where the rights of third parties intervene.   (18 R. C. L. 931, 932, sec. 63.)

Where there are two contracts a lien must be filed for what was done or furnished under each contract within the statutory period after its completion.   (40 C. J. 200, sec. 237; *Fly v. Cline,* 49 Cal. App. 414, 193 Pac. 615.)

T. BAILEY LEE, J.—The defendant, Shufeldt, contracted with defendant School District to erect a schoolhouse for the approximate sum of $2,600. At the request of said contractor, plaintiff, Gem State Lumber Company, furnished certain materials which were all actually used in the construction and improvement of said building. The first of such materials were furnished on July 3, 1922, and the remainder thereafter as ordered until the last were delivered on December 19, 1922. They were charged to the contractor on a running account totaling in value $1,785.30. A balance of $585.30 remaining unpaid, plaintiff filed its lien therefor on December 22, 1922. Suit to foreclose was brought joining said defendants and one John Staats, alleged to be a joint contractor with Shufeldt.

The defendant School District submitted proof to the effect that the schoolhouse was completed on October 4, 1922, and accepted on October 7th; that thereafter Shufeldt entered into a second and independent contract to build a protective shanty over the basement steps, build in certain blackboards and cabinets and varnish the floors; which latter work was done, and materials furnished between October 4th and December 19th, after the completion of the first contract.

[1]   The district contended that plaintiff's lien of December 22d having been filed more than sixty days after October 7th was void. The court so found, and judgment without attorney's fees was rendered in favor of plaintiff and against defendant Shufeldt, but denying relief as against defendants School District and Staats. Plaintiff has appealed, contending that it had no notice of the completion of the building on October 4th, or of the separate contracts; and the evidence discloses no such notice, actual or constructive. On the contrary, the evidence is clear that the materials were furnished under successive orders from the contractor, and carried to the school site several miles into the country. No unreasonable interval elapsed between orders, and the nature of the materials furnished after October 4th could only have been considered by plaintiff as proper items in the running account.

[2]    A similar situation was discussed at length by this court in *Valley Lumber Co. v. Driessel,* 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299.   That case is decisive of the case at bar; and the rule may be generally stated that where a defendant seeks to defeat plaintiff's right to recover in an action to foreclose a mechanic's lien by showing that the material was furnished on two separate and distinct contracts, and that the lien was not filed in time to secure the claim for the material furnished on the first contract, the burden of proof is on the defendant to show either that the plaintiff had actual notice that the material was furnished and used on two separate contracts, or else show such circumstances as would impute to plaintiff constructive notice, and put him on his inquiry to ascertain that two or more contracts did in fact exist.

The judgment as to defendants Shufeldt and Staats is affirmed, but reversed as to defendant School District, and remanded with instructions to the trial court to enter judgment in favor of appellant against the defendant School District in conformity with the prayer of the complaint, together with a proper attorney's fee.   Costs awarded appellant to be taxed against respondent district.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.