[Civil No. 3065. Filed January 19, 1932.]

[7 Pac. (2d) 252.]

P. J. MORGAN, Appellant, v. THE O'MALLEY LUMBER COMPANY, a Corporation, and ARIZONA SAND & ROCK COMPANY, a Corporation, Appellees.

Messrs. Alexander, Silverthorne & Van Spanckeren, for Appellant.

Messrs. Armstrong, Kramer, Morrison & Roche, for Appellees.

ROSS, J.—This is an appeal by the owner, P. J. Morgan, from two judgments establishing and foreclosing two materialmen's liens, one in favor of the O'Malley Lumber Company and the other in favor of Arizona Sand & Rock Company, on his real property. The two cases were consolidated for trial. They involve, with immaterial differences, identical questions.

The materials for which liens are claimed were furnished to Tom B. Stewart, Jr., who had a contract with Morgan to build for him a dwelling, swimming pool and pump-house on that part of the southeast quarter of the southeast quarter of section 31, range 4 east, township 2 north, lying west of the old Cross-Cut canal, containing three and one-fourth acres more or less. The materials were delivered on the premises between about February 1, 1929, and June 3, 1929, and the greater portion of them was used by the contractor in the above construction. During the time of such construction, the building contract between defendant, Morgan and Stewart was enlarged to include the construction or repair of a dwelling for Morgan's ranch foreman, such building being

about one hundred yards distant from the main structures and upon the northeast quarter of the southeast quarter of said township and range. The plaintiffs knew nothing of this enlargement of the contract or that any of the materials furnished by them to Stewart were to be used thereon. The main building, swimming pool and pump-house were turned over to Morgan on May 15, 1929. On that day his son, P. J. Morgan, for whom these improvements were made, moved into and thereafter occupied the residence, and also took possession of the other improvements and used them for the purposes for which they were intended. The foreman took possession of and moved into the house intended for his use on June 16th or thereabouts.

After the owner took possession of the improvements, on three separate occasions the contractor returned and performed work and labor as follows:

The latter part of August he made a deck for the pump-house, by placing a flooring over it on 2x4's, to keep water off the motor. P. J. Morgan, Jr., when asked the condition of the pump-house when he moved into the premises, said:

"There was no cover on it. . . . The pump house hadn't been quite finished, they did that later. . . . Well . . . when I came back in September they finished it up."

This witness also said the putting of the cover over the pump-house was no part of the original contract, and that it was put on to prevent persons from falling into the opening. The material used in making the cover for the pump-house was not furnished by the plaintiffs, and such work was an afterthought.

About the same time the contractor changed the night latch on the front door of the main dwelling because the owner wanted a different kind of latch. Again in October he adjusted the doors by taking a little off the top or bottom and "trued" the hinges

to make them work properly. If anything extra was paid for these jobs, it is not shown by the evidence.

The defendant Morgan contends that the notices of liens were not made out, served and filed with the county recorder within the time limit prescribed by the statute; also that it was not shown what part of the materials furnished was used on the premises against which the lien claims were filed and what part thereof was used in the ranch foreman's house against which no claim of lien is made.

Under the statute, section 2021, Revised Code of 1928, "in order to fix and secure" their liens for materials furnished the contractor, it was necessary that the plaintiffs, within sixty days after the completion of the improvements, make out their notices of liens, serve the same upon the owner, and file copies with the county recorder. The contents and sufficiency of the notices of liens are not questioned by the defendant, Morgan. He does, however, assert that the evidence shows conclusively that the improvements were completed more than sixty days before the liens were filed. These lien claims were filed by the O'Malley Lumber Company on August 29th, and by the Arizona Sand & Rock Company on August 31, 1929.

If the time for filing liens runs from the date of the last work, or the time the owner accepted and took possession of the premises (May 15th), it is clear the notices of liens were not filed (August 29th and 31st, respectively) and served within the statutory period of sixty days. If, however, the time for filing notices of liens was revived by reason of the placing of the cover over the pump-house, or the substitution of the night latches, or the correction of the doors, then the notices, although filed before these things were done, were not premature but timely, under our decision in *Arizona Eastern Ry. Co.*

v. *Globe Hardware Co.*, 14 Ariz. 397, 129 Pac. 1104. In this case it was held that materialmen and those furnishing labor might perfect their demands into a lien at any time after they had ceased to labor or furnish material, whether the original contractor had completed the structure or not, providing it is done not later than sixty days after its completion.

Coincident with the acceptance and occupation of the improvements by the owner, there was a cessation of work and labor by the contractor which, under the evidence, continued for more than sixty days. It is obvious, therefore, that, when the lien notices were filed, the right of lien was lost, and, unless the work done the last of August or first of September or in October had the effect of reviving the liens, none exists. The lien statutes of the states are not uniform, and neither are the decisions. For that reason little aid can be had by a reference thereto. However, we are satisfied that the correct rule under our statute is well stated in the first syllabus to *Fox & Co.* v. *Roman Catholic Bishop, etc.*, 107 Or. 557, 215 Pac. 178:

"A building, as respects time for filing liens, is completed when the contractor has substantially complied with the terms of his contract, and the later work of supplying trifling items omitted or repairing defects or remedying inferior workmanship will not be considered as postponing the time limitation for filing liens."

See, also, *Taylor Brothers* v. *Gill,* 126 Okl. 293, 54 A. L. R. 979, 259 Pac. 236, where the cases on the effect of correcting defects or supplying slight omissions as extending the time for filing liens are collated.

It must be remembered that the materialman's lien is a creature of the statute, and that it is a condition precedent to fixing and securing such lien that notice thereof be filed in the office of the county recorder

within the time prescribed by law, such time to be estimated from the time the building, improvement or structure is completed. The owner pays the contractor during the time allowed to file notices of liens at his hazard. If after the expiration of such period no notice of lien has been filed or served on the owner, and he discharges his obligation to the contractor, it would be repugnant to the law as well as natural justice to subject his property to a lien simply on the ground that trifling adjustments or corrections were made long after the expiration period.

That the plaintiffs were convinced the improvements were completed long before the repairs or additions were made is evidenced by their notices of liens, in each of which it is stated the building, improvement or structure constructed on the premises "was completed July 16, 1929." •Following this statement in their notices they allege in their complaints that the improvements were completed July 16, 1929. We think the plaintiffs are bound by these statements, and that they should not be permitted to set up the dates upon which mere adjustments were made and insist that those were the dates the improvements were completed.

The liens not having been filed within the time prescribed by the statute, it is not necessary that we pass upon the other point made by the defendant Morgan.

The judgments of the lower court are reversed and the causes remanded, with directions that judgment be entered in each case in favor of the defendant Morgan.

McALISTER, C. J., and LOCKWOOD, J., concur.