[Civil No. 3197. Filed October 3, 1932.]

[14 Pac. (2d) 742.]

INTERMOUNTAIN BUILDING & LOAN ASSOCIATION, a Corporation, Appellant, v. ALBERT STEINFELD & CO., a Corporation, Appellee.

Mr. O. T. Richey, for Appellant.

Mr. Charles Blenman, for Appellee.

ROSS, J.—Albert Steinfeld & Co. brought this action against Frank Jordan, contractor, to recover $1,096.04 and to foreclose a mechanic's lien therefor on the premises of John S. Crugar and Harriet A. Crugar, his wife, whereon had been installed a pump or pumping plant furnished said Jordan by plaintiff.

The Intermountain Building & Loan Association was made a party for the purpose of determining whether a mortgage it had on the premises was inferior to plaintiff's mechanic's lien.

The judgment gave priority to plaintiff's lien, and the defendant Intermountain Building & Loan Association has appealed and urges several reasons why the judgment is erroneous. One of such reasons is that the plaintiff failed to file its notice and claim of lien within sixty days after the completion of the installation of the pumping plant. In order to fix and secure a lien, every original contractor, within ninety days, and every other person within sixty days, after the completion of a building, structure or improvement, must make duplicate copies of a notice and claim of lien and file one copy thereof with the county recorder and within a reasonable time serve the other copy on the owner, if to be found within the county. Section 2021, Rev. Code of Arizona 1928. Steinfeld & Co. was not an original contractor and, therefore, under the statute was required to perfect its lien, in the manner stated, within sixty days after the completion of the installa-

tion of the pumping plant. The notice of lien was filed with the county recorder and served on the owners October 20, 1930. The only evidence as to when the improvement was completed consists of the testimony of the contractor, Frank Jordan, and is as follows:

"Q. Did you install it? A. Yes sir.

"Q. About when? A. About July—some time in August, 1930. July 31st was the date I think I finished with the contract, either July 30th or August 1st, somewhere about that. I think it was July 31st. . . .

"Q. July 31st? A. Yes sir. . . .

"Q. On the 4th of August? A. Yes, the work was finished on the 4th of August. . . .

"Q. You finished the contract on or about the 31st of July? A. No, it ran into August, part of it did, because we were held up on account of the well being badly sanded up.

"The Court: Well, early in August? A. Yes, it started some time in the middle of July. I think the first material I took out was the 15th of July.

"Q. When was the last material you furnished? A. I don't know; it ran through August. We had little—after we finished it we always do have little things that aren't right, you know, and I have to re-check them and condition them. We do it on all pumping plants."

The filing of notice and claim of lien within the time prescribed by the statute is a condition precedent to securing lien. *Morgan* v. *O'Malley Lumber Company*, 39 Ariz. 400, 7 Pac. (2d) 252. In this case we held that it would be repugnant to the law as well as natural justice to subject the owner's property to a lien simply on the ground that trifling adjustments or corrections were made long after the actual completion of the structure or improvement.

We understand the witness to say the pumping plant was installed and completed not later than August 4th and that thereafter all that was done was

to look after "little things that aren't right . . . to re-check them and condition them." The facts clearly bring the case within the rule above stated. The notice and claim of lien was not filed within sixty days after the completion of the improvement.

Our conclusion makes it unnecessary to pass on the other assignments.

The judgment is reversed and the cause remanded, with directions that judgment be entered giving priority to the Intermountain Building & Loan Association's mortgage, dated August 27, 1930, and recorded September 19, 1930. In other respects the judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.