535 P.2d 1311

**TURF IRRIGATION & WATER WORKS SUPPLY COMPANY, a division of Flori Corporation, a corporation, Appellant,**

v.

**LAWYERS TITLE OF PHOENIX, a corporation, and Ru-Ben Construction, Inc., a corporation, Appellees.**

**No. I CA–CIV 2663.**

Court of Appeals of Arizona, Division 1, Department A.

June 3, 1975.

Rehearing Denied Aug. 6, 1975.

Review Denied Oct. 28, 1975.

Strong & Pugh, P. A. by William K. Strong, Phoenix, for appellant.

Meier & Lim by Joseph C. Meier, Tempe, for appellees.

## OPINION

FROEB, Judge.

This is an action to foreclose a materialman's lien in the amount of $4,379.30 commenced by Turf Irrigation & Water Works Supply Company (Turf), against Ru-Ben Construction, Inc. (Ru-Ben), the owner of property subject to the lien. Both sides moved for summary judgment. The trial court entered judgment in favor of Ru-Ben, holding that Turf's lien had not been filed within the 60-day period required under Arizona Revised Statute § 33–993 [1] and was therefore unenforceable. Turf has appealed, presenting one question, namely, whether or not the lien was timely filed.

---

1. The relevant portion of A.R.S. § 33–993 then in effect read as follows:

 "In order to impress and secure the lien provided for in this article, every original contractor, within ninety days, and every other person claiming the benefits of this article, within sixty days after the completion of a building, structure or improvement, or any alteration or repair thereof, shall make duplicate copies of a notice and claim of lien and file one copy with the county recorder of the county in which the property or some part thereof is located, and within a reasonable time thereafter serve the remaining copy upon the owner of the building, structure or improvement, if he can be found within the county. . . ."

We now turn to a review of the facts necessary for the disposition of this appeal.

Ru-Ben was the owner of a parcel of land in Phoenix, Arizona, which it desired to develop into a residential subdivision. Accordingly, it entered into several separate contracts for construction of offsite improvements for the entire subdivision with D. Grey Contracting Co. (Grey), not a party to this appeal. One contract was for construction and installation of a domestic water system, one for the sewer system and another for streets, sidewalks and alleys, with each being on a subdivision-wide basis. In addition, Ru-Ben entered into several other contracts with different contractors for other offsite improvements, such as gas and electric service. Turf's only connection with the subdivision development was to supply water pipes, valves and fittings to Grey under the domestic water system contract, which provided that the final installment payment would be made by Ru-Ben upon acceptance of the water system by the City. After the water system was installed, it was formally accepted by the City of Phoenix Water and Sewers Department by a letter to Ru-Ben dated April 12, 1972, which stated that the system was completed according to the City Engineer. Other offsite improvements installed by Grey, namely, streets and alleys, were not completed until October 11, 1972.

Ru-Ben contends that the 60-day filing period began to run on April 12, 1972. It argues that Turf's relation to the subdivision project, and consequently its lien rights, are based upon the water contract alone and not upon other contracts for subdivision improvements. Therefore, it argues that when the water system was accepted by the City on April 12, 1972, the improvement giving rise to Turf's lien right was completed and Turf was required thereafter to file its lien within 60 days, which it failed to do.

Turf argues that the 60-day period did not begin to run until all the offsite improvements had been completed, relying upon the "single project" theory adopted by the Arizona Supreme Court in Wahl v. Southwest Savings and Loan Association, 106 Ariz. 381, 476 P.2d 836 (1970).

In the *Wahl* case the owner of the land entered into a single contract with a builder for the construction of an apartment complex to consist of 24 separate buildings located on 24 separate parcels of land. Each of 21 buildings were to contain two apartments each and three buildings were to contain four apartments each. The construction of each of the 24 buildings was to be basically identical, the only variances being as to size and number of rooms. While the issues in the case dealt with priorities as between materialmen and the mortgage holder in a foreclosure proceeding, the court found that certain materialmen's liens had priority they would not otherwise have had because of the nature of the project involved. The court held that the construction of separate buildings on separate parcels of land was all part of a "single project" from the standpoint of the materials supplied. Having so determined, the court held that materialmen's lien rights against individual parcels should be deemed to relate back in time to when construction began on the first of the 24 buildings.

■ The facts of this case and the issues raised by them are different. We find that the "single project" theory should not be applied and therefore affirm the judgment of the trial court.

In this case there were a series of independent contracts, each entered into at different times without reference to each other, and each providing for the construction of different offsite improvements for the subdivision. Turf had available to it the means to determine the specific contract under which it delivered its materials and the date the water system was completed. The water system was the "improvement" described in A.R.S. § 33–993 for which it was entitled to a lien. The 60-day period within which it had to be filed began to run following completion of the water sys-

tem on April 12, 1972. Since it was not filed until July 7, 1972, it was invalid.

■ Turf has presented an additional argument to the effect that the water system was not completed on April 12, 1972. It relies on the affidavit of a former employee of Grey which states that additional work was done on the water system intermittently after April 12, 1972 and as late as June, 1972. This work, however, consisted of minor repairs or adjustments necessitated by damage which occurred during the construction of other improvements. The affidavit of the president of Ru-Ben states that this work was not done as a part of the water system contract and that Ru-Ben was not charged for any cost or labor by Turf. Under these circumstances it is apparent that this work did not extend the time period for impressing a lien against the property and there is no genuine issue of material fact raised by the affidavit. See Morgan v. O'Malley Lumber Co., 39 Ariz. 400, 7 P.2d 252 (1932).

Judgment of the trial court is affirmed.

OGG, P. J., and DONOFRIO, J., concur.