580 P.2d 726

GENE McVETY, INC., Appellant,

v.

DON GRADY HOMES, INC., an Arizona Corporation, Applewhite Mortgage & Investment Company, an Arizona Corporation and John C. Ellinwood, as trustee under deed of trust, Appellees.

No. 1 CA–CIV 3375.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 13, 1977.

Rehearing Denied Jan. 30, 1978.

Review Granted Feb. 22, 1978.

Norling, Rolle, King & Oeser by James B. Rolle, III, Phoenix, for appellant.

266

Sternberg, Sternberg & Rubin, Ltd. by Ronald I. Rubin, Allan D. NewDelman, Phoenix, for appellees.

## OPINION

WREN, Presiding Judge.

Plaintiff, Gene McVety, Inc. (McVety) brought suit against the defendant, Don Grady Homes, Inc. (Grady)[1] to foreclose a materialman's lien claim and for unjust enrichment. Grady was the owner-developer of Green Meadows No. 4, a subdivision in Maricopa County. McVety appeals from a summary judgment entered in favor of the defendant and from orders denying reconsideration of summary judgment and a new trial.

The primary issue on appeal is whether the trial court correctly found that McVety's lien claim was filed after the 60 day period required by A.R.S. § 33–993(A)[2] had run and was therefore unenforceable. For the reasons stated below we find the filing was untimely and affirm the judgment.

■ We first turn to the facts relevant to this appeal. Since they are not in conflict, the trial court's conclusion as to the timeliness of the filing of plaintiff's claim presents an issue of law upon which this Court may draw its own conclusion. *City of Phoenix v. Superior Court,* 109 Ariz. 533, 514 P.2d 454 (1973).

On July 12, 1974, Sun Valley entered into a contract[3] with the defendant Grady to construct and install offsite improvements. The contracted-for improvements consisted of water mains and services and sewer mains and services at a cost to Grady of $115,206.00. On or about September 3, 1974, the sewer improvements were completed and accepted by Grady. The construction of the water improvements was then begun. On November 26, 1974, both the sewer and water improvements were accepted as completed by the City of Phoenix. Certain of the materials used by Sun Valley on the sewer portion of the project were supplied by McVety. Sun Valley was paid in full for its services and thereafter went out of business without paying McVety for the materials supplied. These materials are the basis of McVety's lien claim which was filed on January 27, 1975, 62 days after the City of Phoenix's acceptance.

■ Arizona subscribes to the rule that the limitations period within which the lien claim of a material supplier must be filed begins to run when the contractor to whom the material was supplied has substantially completed the terms of its contract. *Morgan v. O'Malley Lumber Co.,* 39 Ariz. 400, 404, 7 P.2d 252 (1932). Trifling or trivial work done after the contract has been substantially completed will not extend the limitations period. *Morgan v. O'Malley Lumber Co.*

■ Defendant, relying on our decision in *Turf Irrigation & Water Works Supply Co. v. Lawyers' Title of Phoenix,* 24 Ariz. App. 80, 535 P.2d 1311 (1975), contends that the acceptance of the water and sewer improvements by the City of Phoenix on November 26, 1974 conclusively establishes November 26 as the date of substantial completion. We disagree. Like the present case, *Turf,* involved an action to foreclose a

1. Applewhite Mortgage & Investment Company and John C. Ellinwood were also made parties to the action for the purpose of determining whether a deed of trust and assignment of rents on the subdivision were inferior to the plaintiff's lien.

2. A.R.S. § 33–993(A) states in part:
   "In order to impress and secure the lien provided for in this article, every original contractor, within ninety days, and every other person claiming the benefits of this article, within sixty days after the completion of a building, structure or improvement, or any alteration or repair thereof, shall make duplicate copies of a notice and claim of lien and record one copy with the county recorder of the county in which the property or some part thereof is located, and within a reasonable time thereafter serve the remaining copy upon the owner of the building, structure or improvement, if he can be found within the county. . . ."

3. There is some dispute as to whether the improvements contracted for between McVety and Grady were the subject of one or two contracts. Because of our resolution of the issues herein it is unnecessary to reach this question.

materialman's lien. The materialman in that case delivered supplies to a contractor whose contract with the owner of the property provided for the final installment payment to the contractor on the date the City of Phoenix accepted the improvement. The date of acceptance by the City in *Turf* was decisive only because the materialman could have ascertained the contract under which it delivered its material and the date construction under the contract was completed. In the present case the contract between Grady and Sun Valley is silent with respect to the time for final payment or any other means by which completion could be determined. While the date of acceptance by the City is certainly persuasive, it is not conclusive.

■ McVety contends that Sun Valley's contract was not substantially completed on November 26, 1974, because Sun Valley was performing work on the water improvements in January 1975 and also because one portion of the water system, the installation of water meter boxes, was never completed.

The work which was done in January 1975, was not, in our opinion sufficient to show that the improvements under Sun Valley's contract were not substantially completed on the date of the City's acceptance. Two fire hydrants were relocated by Sun Valley because Grady's engineer had originally designated the wrong spot for their installation. This work cannot be considered as extending the lien claim period because the hydrants were installed prior to November 26, 1974 and their original improper location was not Sun Valley's fault. Similarly, repairwork in January by Sun Valley on previously installed water and sewer lines which were broken by other contractors cannot be used to extend the limitations period.

With respect to the installation of the water meter boxes, the evidence indicates that a meter box is not installed until construction on a house has begun. At the time of the City's acceptance approximately 149 boxes had been delivered to the site and six or eight of them had been installed in homes on which construction had started.

Moreover, installation of the boxes was not expressly provided for under the contract. The anticipated labor charges for their installation was $600 to $700, a minimal sum in comparison to the total contract price. Because of these factors we are convinced that the installation of the meter boxes was so trivial in comparison to the entire contract that the water project was substantially complete without it.

"Ordinarily, furnishing an article or performing a service trivial in character is not sufficient to extend the time for claiming a lien or to revive an expired lien, where the article is furnished or the service rendered after a substantial completion of the contract, *and the article is not expressly required by the terms thereof.*" *Gem State Lumber Co. v. Whitty,* 37 Idaho 489, 499, 217 P. 1027, 1030 (1923). (Emphasis added.)

Since the undisputed evidence shows that the water and sewer improvements were substantially completed prior to the City's acceptance on November 26, 1974, and that work done subsequent thereto was so trivial in character that it did not extend the limitations period, we hold that plaintiff's lien claim was not timely and summary judgment was correctly granted in favor of the defendants.

■ Plaintiff also contends that the trial court erred in granting Grady's motion for protective order "and in precluding McVety from deposing Don Grady." The contention that plaintiff was "precluded" from deposing Don Grady, president of the defendant Don Grady Homes, Inc., is unwarranted. The protective order sought by Grady pursuant to Rule 26(c), Arizona Rules of Civil Procedure, 16 A.R.S. and granted by the court, protected Don Grady from having to produce certain documents at his deposition. No error has been assigned to this portion of the court's ruling. Plaintiff was not, therefore, prohibited from deposing Don Grady. We find no error.

Judgment affirmed.

EUBANK, and JACOBSON, JJ., concurring.