581 P.2d 1132

GENE McVETY, INC., Appellant,

v.

DON GRADY HOMES, INC., an Arizona Corporation, Applewhite Mortgage & Investment Company, an Arizona Corporation and John C. Ellinwood, as trustee under deed of trust, Appellees.

No. 13608–PR.

Supreme Court of Arizona,
In Banc.

June 7, 1978.

Norling, Rolle, King & Oeser by James B. Rolle, III, Phoenix, for appellant.

Sternberg, Sternberg & Rubin by Ronald I. Rubin, Allan D. NewDelman, Phoenix, for appellees.

STRUCKMEYER, Vice Chief Justice.

This is an action by Gene McVety, Inc. to foreclose a mechanic's lien. The Superior Court granted the appellees' motions for summary judgment. The Court of Appeals affirmed, 119 Ariz. 265, 580 P.2d 726 (App. 1977). We accepted review. Opinion of the Court of Appeals vacated. Judgment of the Superior Court reversed.

Don Grady Homes, Inc. was the owner-developer of the Green Meadows Subdivision No. 4. The Sun Valley Pipeline, Inc. contracted to furnish and install off-site sewer and water improvements for the subdivision. Appellant, Gene McVety, Inc., supplied materials to Sun Valley which were used in furtherance of Sun Valley's contract with Don Grady Homes. On January 27, 1975, McVety recorded a lien for materials, allegedly in an amount owed by Sun Valley. The appellees' principal position, and that which was seemingly adopted by the lower court, was that on November 26, 1974, sixty-two days prior to McVety's recording its lien, the water and sewer improvements were accepted and approved by the City of Phoenix and that, since A.R.S. § 33-993 A provides every person other than an original contractor must claim the benefits of the materialman's statute

"within sixty days after the completion of a building, structure or improvement," the recording of the materialman's lien was untimely. It is admitted, however, that 146 water meter boxes required to be installed under the contract had not been installed.

By A.R.S. § 33–993 B:

"For the purposes of subsection A, 'completion' means actual completion of the work."

This statutory language is plain, simple and precise and does not permit of uncertainty. Inconstancy arises, however, from the appellees' interpretation of the language of our prior decision, *Morgan v. O'Malley,* 39 Ariz. 400, 7 P.2d 252 (1932). Appellees read that case to mean that "[i]n 1932 the Arizona Supreme Court adopted the doctrine of substantial completion as 'the correct rule of our statute' relating to Mechanics' Liens."

In *Morgan v. O'Malley,* the owner took possession of the improvements on May 15. Thereafter, on three separate occasions the contractor returned and performed work and labor. (1) He made a cover for a pump house which was not part of the original contract. As to this, the opinion says, "[S]uch work was an afterthought." *Id.* at 402, 7 P.2d at 253. (2) The "contractor changed the night latch on the front door of the main dwelling because the owner wanted a different kind of latch." *Id.* (3) "[I]n October he adjusted the doors by taking a little off the top or bottom and 'trued' the hinges to make them work properly." *Id.* The Court stated that obviously the right of lien was lost unless the work done after the owner took possession of the improvements had the effect of reviving the liens. The Court quoted with approval this statement from the syllabus of *Fox & Company v. Roman Catholic Bishop,* 107 Or. 557, 215 P. 178 (1923):

"A building as respects time for filing liens, is completed when the contractor has substantially complied with the terms of his contract, and the later work or supplying trifling items omitted or repairing defects or remedying inferior workmanship will not be considered as postponing the time limitation for filing liens." *Morgan v. O'Malley,* supra, 39 Ariz. at 404, 7 P.2d at 253.

Appellees equate the words "substantially complied" with "substantially completed." So that by linguistic transmutation, the statutory language "completion means actual completion of the work" becomes "completion means substantial completion of the work."

We do not think such a departure from the legislative language is legally defensible. Aside from the obvious rewriting of the statute if such a construction were adopted, there would be no fixed point in time to which a materialman could point so that he could know when the statutory lien period began to run. Consequently, the legislative rule which was once relatively uncomplicated becomes a wilderness of confusion simply because of the impossibility of saying with certainty, even from hindsight, whether the remaining work was at any given time substantial.

Moreover, it is clear that the meaning of the words "substantially complied with" as this Court construed *Fox & Co. v. Roman Catholic Bishop,* supra, in *Morgan v. O'Malley,* were circumscribed and delineated in the next sentence of the quotation as "supplying trifling items omitted," "repairing defects" and "remedying inferior workmanship." The installation of the 146 water meter boxes required by the contract cannot be categorized as supplying trifling items which had been omitted. Work actually called for by the contract will permit the filing of the lien within sixty days after the doing of the last work. *Peerless Unit Vent. Co. v. D'Amore Const. Co.,* 283 Mass. 121, 186 N.E. 280 (1933). If work is done or materials furnished to complete the original contract, the time for filing the lien runs from the last furnishing of labor and materials. *Kirk v. Rohan,* 29 Wash.2d 432, 187 P.2d 607 (1948).

The appellees argue that the sixty days had expired because the City of Phoenix accepted the water and sewer improvements sixty-two days before appellant filed

its lien. However, while the approval and acceptance of the work by the City of Phoenix on November 26, 1974 might, lacking other facts, be an acceptable means of establishing that the work was completed by that date, such acceptance cannot prevail against a showing that the work on appellant's contract had actually not been completed at the time of acceptance.

Appellees argue that there were here two contracts entered into between Don Grady Homes and Sun Valley Pipeline, one for the furnishing and installing of off-site sewer lines and the other for the furnishing and installing of off-site water mains and fire hydrants for the subdivision; that the materials for which appellant filed its lien were materials which had been delivered and used on the sewer line improvements; whereas the installation of 146 water meter boxes was part of the water improvement contract. Appellant argues that the record does not conclusively show there were two contracts at the time the work started or that appellant knew there were two contracts.

█ It is, of course, the rule that two or more contracts cannot be tacked together so as to extend the time within which a lien notice must be filed. See, e. g., *Potter v. Cline,* 161 Ind.App. 349, 316 N.E.2d 422 (1974); *Settle Builders v. Frankel-Shore,* 42 Ohio Misc. 13, 326 N.E.2d 271 (1974). This case is not, however, governed by the foregoing rule. Where work, distinct in nature, is performed at different times, the law supposes that it is performed under distinct contracts. But when work is done or materials furnished, all going to the same general purpose, if the several parts form an entire whole or are so connected together as to show that the parties had it in contemplation that the whole would form but one and not distinct matters of settlement, the whole must be treated as a single contract. *New Prague Lumber v. Readi-Mix Co.,* 263 Minn. 249, 117 N.W.2d 7 (1962). In the instant case, because water and sewers must necessarily be part of the whole of the subdivision, it is reasonable to conclude that Sun Valley and McVety contemplated that the work would form but one account.

█ Where the materialman does not know of the existence of more than one contract and he furnishes materials to the contractor under a continuing arrangement, his single lien claim for materials furnished will be timely as to all items of material if furnished within the statutory period after the furnishing of the last item, notwithstanding that at the time of filing of the lien notice more than the statutory time had elapsed since the completion of the work called for by one of the contracts. *Gem State Lumber Co. v. School District,* 44 Idaho 359, 256 P. 949 (1927); *Anderson v. Taylor,* 55 Wash.2d 215, 347 P.2d 536 (1959). In *Anderson v. Taylor,* the court said:

"Where the lien claimant is not a party to either of the contracts in question, as where he is furnishing material or labor to a contractor who has two or more contracts with an owner, or to a subcontractor who has two or more subcontracts in connection with the same project, the rule is not applicable unless the lien claimant was aware of the fact that there were two or more contracts."

█ This brings us to the final question posed by appellant. He attempted to take the depositions of one or more of the officers of Don Grady Homes. Notice was given that there should be produced at the time of the taking of the depositions certain papers, among which were copies of all contracts for the construction of the off-site improvements within Green Meadows No. 4. Appellees responded with a motion for a protective order, urging that the matters sought to be discovered were not relevant to the determination of the suit. They attached a photostatic copy of a document purporting to be specifications and estimates for "sewer mains, manholes and services" dated July 2, 1974. The trial court sustained the appellees' motion for a protective order. This was plain error.

Appellant asserted then, as it does now, that originally the contract between Don Grady Homes and Sun Valley Pipeline was a single contract and not two contracts, and that the single contract was changed to two

contracts after or during the course of the work. If such be true, then the fact would be relevant to a determination of this case. Nor do we think that the fact that the trial court did not preclude appellant from deposing one or more of the officers of Don Grady Homes, Inc. constitutes an answer to appellant's claim of error.

We have repeatedly held that mechanics' lien statutes are remedial and are to be liberally construed to effect their purposes. *Kerr-McGee Oil Industries, Inc. v. McCray,* 89 Ariz. 307, 361 P.2d 734 (1961); *Leeson v. Bartol,* 55 Ariz. 160, 99 P.2d 485 (1940). It was error for the Superior Court to enter a summary judgment in favor of appellees.

Judgment reversed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.