139 Ariz. 268 (1983)
678 P.2d 453
UNION ROCK & MATERIALS CORPORATION, an Arizona Corporation, Cross-claimant/Cross-defendant Appellant,
v.
SCOTTSDALE CONFERENCE CENTER, a California limited partnership, Cross-claimant/Cross-defendant Appellee.
No. 1 CA-CIV 6443.
Court of Appeals of Arizona, Division 1, Department D.
September 22, 1983.
Reconsideration Denied October 25, 1983.
Review Denied December 20, 1983.
*269 Evans, Kitchel & Jenckes, P.C. by Barry J. Dale, Phoenix, for cross-claimant/cross-defendant appellee.
Wentworth & Ludin by David McCord, Phoenix, for cross-claimant/cross-defendant appellant.
OPINION
EUBANK, Judge.
This appeal by Union Rock & Materials Corporation is from the summary judgment in Scottsdale Conference Center's favor holding that Union Rock's materialmen's lien was not timely filed pursuant to A.R.S. § 33-993(A). Three issues are presented in this appeal:
(1) Whether the recording of a notice of completion, which an owner may file pursuant to A.R.S. § 33-993, always gives the mechanic or materialman thirty-five days from the date of such recording in which to file a lien?
(2) Whether partial occupation or use of a building by an owner constitutes "completion" under A.R.S. § 33-993(B)(2)?
(3) Whether appellant has preserved for appeal its arguments regarding equitable estoppel and illegality?
We decide the above issues in favor of the appellee Scottsdale Conference Center and affirm the judgment.
The underlying facts of this matter are not in dispute. Appellant Union Rock & Materials Corporation (Union Rock) supplied materials to a subcontractor working on the Casitas, part of a resort hotel complex which is, in turn, owned by appellee Scottsdale Conference Center (SCC). Union Rock had no contract with the SCC but had a contract with the subcontractor to supply it with materials. The subcontractor did not pay Union Rock for the materials it provided.
The Casitas consists of sixty guest rooms. Five rooms were first occupied by guests on February 3, 1980. One or more of the rooms were also occupied on February 4-8 and on February 11, 1980. The other rooms were gradually opened to guests after February 11, 1980. From February 3, 1980, to and including February 18, 1980, the Casitas recorded forty "guest nights," i.e., a guest or guests staying in one room for one night.
On April 9, 1980, SCC recorded a "notice of completion" for the Casitas project in the Maricopa County Recorder's Office, as authorized by A.R.S. § 33-993. On or about April 10, 1980, Union Rock's credit manager read in the Record Reporter of the recording of the notice of completion. On April 21, 1980, Union Rock filed a notice and claim of lien on the Casitas property for the materials supplied to the subcontractor for which it had not been paid.
During the course of litigation concerning multiple parties, Union Rock filed a cross-claim against SCC based on its asserted materialmen's lien and on the theory of unjust enrichment. SCC answered the cross-claim and then filed a cross-claim *270 against Union Rock to quiet title to the Casitas. SCC moved for summary judgment which was granted by minute entry dated November 17, 1980. The first trial judge thereafter resigned and the case was reassigned to another judge.
On September 28, 1981, Union Rock filed a motion to reconsider the summary judgment. No final judgment had been entered at that time. The second judge declined to consider the motion for reconsideration, and denied it by minute entry dated January 18, 1982. Final judgment was entered on February 10, 1982. No motion for new trial was filed, and Union Rock timely appealed from the judgment to this court.
THE NOTICE OF COMPLETION
Appellant's argument as to the first issue is that the recording of a notice of completion by an owner unconditionally gives the lien claimant thirty-five days, following the filing, in which to file his lien, without regard to the date of completion of the project. We disagree.
A.R.S. § 33-993(A) provides in relevant part:
In order to impress and secure the lien provided for in this article ... every other person [other than an original contractor] claiming the benefits of this article, within sixty days after the completion of a building, structure or improvement, or any alteration or repair of such building, structure or improvement, or if a notice of completion has been recorded, within thirty-five days after recordation of such notice, shall make duplicate copies of a notice and claim of lien and record one copy with the county recorder of the county in which the property or some part of the property is located, and within a reasonable time thereafter serve the remaining copy upon the owner....
Appellant argues that the statute gives the lien-claimant a choice of either filing within sixty days after completion, or filing thirty-five days after recording of the notice of completion. § 33-993(A), read by itself, would strongly support such an argument.
However, § 33-993(A) must be read in conjunction with A.R.S. § 33-993(C), which was enacted in the same amendment. See Laws of 1979, Ch. 202, § 3. It provides in part:
For the purposes of this section, "notice of completion" means a written notice which the owner or his agent may elect to record at any time after completion of construction ... for the purpose of shortening the lien period, as provided in Subsection A of this section ... (Emphasis added).
Thus, it is clear from reading A.R.S. § 33-993(C) that the legislature intended to only allow the recording of a notice of completion to shorten the lien filing period, not extend it. The fundamental rule in the interpretation of a statute is to ascertain and give effect to the legislature's intent, e.g., DeWitt v. Magma Copper Co., 16 Ariz. App. 305, 492 P.2d 1243 (1972).
As noted by Union Rock, the statutory scheme does indeed allow for a superfluous act in the situation where the owner files the notice of completion more than twenty-five days after "completion"[1] as defined by the statute. In such a circumstance, the sixty day period may have run. However, it is for the legislature, not the courts, *271 to re-write the statute. We conclude, therefore, that Union Rock's lien was not timely recorded if it was recorded after the expiration of sixty days from completion of Casitas, even though it was recorded within thirty-five days of the recording of the owner's notice of completion.
COMPLETION
Union Rock's second argument is that, in any event, the lien was recorded within sixty days of the completion of Casitas. SCC, on the other hand, argues that "completion" of Casitas occurred by February 18th, 1980, and perhaps as early as February 3rd, 1980, because the rental of some rooms constituted "[o]ccupation or use of the building" as defined by § 33-993(B)(2).[2] Thus, the filing by Union Rock on April 21, 1980, was untimely because the lien was filed more than sixty days after either date. Union Rock replies that partial occupancy or use does not satisfy § 33-993(B)(2), and that only an entire and complete occupation or use of the whole project could satisfy § 33-993(B)(2). We reject Union Rock's argument.
Prior to the 1979 amendment of A.R.S. § 33-993(B) by the legislature, the subsection provided that completion meant "actual completion of the work" or was deemed to have occurred upon cessation of labor for a period of sixty consecutive days on the property upon which a lien is claimed. In Gene McVety, Inc. v. Don Grady Homes, Inc., 119 Ariz. 265, 580 P.2d 726 (App. 1978) we held, in part, that the appellant supplier's materialman's lien was not timely filed because it was not filed within sixty days of the date that the project was "substantially completed." The supreme court vacated our opinion and rejected our "substantially completed" thesis. Instead the supreme court held that the legislature meant what it said in § 33-993(B) and that the "actual completion" of the work was required before the lien time began to run against the filing of a lien. Id., 119 Ariz. 482, 581 P.2d 1132 (1978). In its 1979 session, the legislature amended A.R.S. § 33-993(B) to read as set out in footnote 1, supra. Laws of 1979, Ch. 202, § 3. Under the amended subsection any one of the earliest of five different events was designated to determine the beginning time for filing an effective lien. The two events of the prior statute, "actual completion of the work" and "cessation of labor," were continued in the new statute as A.R.S. § 32-993(B)(1) and § 33-993(B)(5), respectively. Three new events were added: (B)(2) Occupation or use of the building, structure or improvement by the owner or his agent; (B)(3) Written acceptance by the owner or his agent of the building, structure or improvement; and (B)(4) Final inspection and written acceptance by the governmental body which issued the building permit for the building, structure or improvement. Comparing the prior definition of "completion" to the amended definition (footnote 1) clearly shows that the legislature intended to substantially restrict the time period for filing a valid mechanics' or materialmen's lien. The amended version of A.R.S. § 33-993, in effect, emasculates that part of the supreme court's opinion in Gene McVety, Inc., relying on the prior definition of "completion."
Union Rock's contention that amended A.R.S. § 33-993(B)(2) requires the entire and complete occupation or use of the whole project disregards the legislative intent as set out above. Certainly, A.R.S. § 33-993(B)(1) encompasses that event. However, to extend the same rationale to § 33-993(B)(2) is to effectively make it meaningless because it would be logically impossible to have such occupation and use unless the work had been "actually completed." Statutes should be interpreted, whenever possible, so that no clause is rendered superfluous. E.g., Continental Bank v. Arizona Department of Revenue, 131 Ariz. 6, 638 P.2d 228 (App. 1981).
*272 The cases cited by Union Rock from other jurisdictions are inapplicable because they are interpretations of mechanic-lien statutes significantly different from our own. For example, the present and prior California statutes[3] both provide for completion on occupation or use, accompanied by cessation of labor. The prior Colorado statute[4] provided that occupation or use shall be deemed conclusive evidence of completion. It is one thing for a statute to say that an event is conclusive evidence of actual completion, but it is quite another thing for a statute to say that either actual completion, or use or occupancy, whichever comes first, is "completion" of the project. The first instance provides a means of proving the date of actual completion, while the second provides an alternative to actual completion, which may occur before actual completion. An "open, entire, and exclusive" occupation or use requirement is logical under the first, but not under the second. We agree with the trial court that an "open, entire, and exclusive" occupation or use requirement would be an unjustifiable enlargement of A.R.S. § 33-993(B)(2). Courts will not read into a statute something which is not within the manifest intention of the legislature as indicated by the statute itself. E.g., City of Phoenix v. Donofrio, 99 Ariz. 130, 407 P.2d 91 (1965).
The evidence shows that there was partial occupation and use by SCC on February 3, 1980, increasing through February 18, 1980. Even using the latter date, the sixty-day period would have expired on April 18, 1980. Union Rock's lien was not recorded until April 21, 1980. The lien, therefore, was not timely recorded under the facts here and is therefore ineffective. The statutes relating to a materialman's lien must be strictly followed in order to perfect such a lien. E.g., Williams v. A.J. Bayless Markets, Inc., 13 Ariz. App. 348, 476 P.2d 869 (1970).
PRESERVATION OF ISSUES FOR APPEAL
Finally, we must determine whether the trial court erred in refusing to consider Union Rock's motion for reconsideration. The importance of this issue is that if the motion for reconsideration was properly not considered by the trial court, Union Rock's equitable estoppel and illegality arguments raised therein for the first time were not properly raised and were therefore waived for purposes of this appeal. Richter v. Dairy Queen of Southern Arizona, 131 Ariz. 595, 643 P.2d 508 (App. 1982).
The second trial judge denied Union Rock's motion to reconsider by minute entry dated January 18, 1982. The minute entry noted that the first judge had granted SCC's motion for summary judgment "involving identical issues in November of 1980." The minute entry further expressed concern that to grant the motion for reconsideration would require the vacation of the prior ruling, contra to the condemnation of "lateral appeals" in Chanay v. Chittenden, 115 Ariz. 32, 563 P.2d 287 (1977).
It is a well-established general rule that the trial court should not reconsider a motion decided by another judge in the absence of new circumstances justifying a fresh examination. E.g., Chanay v. Chittenden, supra; Union Construction Co. v. Beneficial Standard Mortgage Investors, 125 Ariz. 433, 610 P.2d 67 (App. *273 1980). Of course, if there is a sufficient reason for the reconsideration, it is not an abuse of discretion for the trial court to do so. Union Construction Company, supra. In the case on appeal, Union Rock concedes that there were no new facts or circumstances offered between the granting of the motion for summary judgment and the motion for reconsideration. Therefore, it clearly was not an abuse of discretion for the second trial judge to deny the motion for reconsideration as an attempted "lateral appeal."
Union Rock argues, however, that the motion was essentially a motion for new trial and that the trial court was required to consider the motion as such. It is true that a motion for new trial may be directed against a summary judgment. Maganas v. Northroup, 112 Ariz. 46, 537 P.2d 595 (1975). It is further true that the trial court may consider a motion for reconsideration as a Rule 59, Arizona Rules of Civil Procedure, motion for new trial. Farmers Insurance Co. of Arizona v. Vagnozzi, 132 Ariz. 219, 644 P.2d 1305 (1982); Engineers v. Sharpe, 117 Ariz. 413, 573 P.2d 487 (1977). However, the trial court was certainly not required to consider the motion as one requesting a new trial. The motion for reconsideration contained no reference to Rule 59. Further, it is clear from the January 18, 1982, minute entry that the trial court did not consider the motion as one for new trial, but merely as a motion to reconsider. Under the circumstances, the trial court did not abuse its discretion in refusing to reconsider the prior ruling. It follows then that the equitable estoppel and illegality arguments were not properly or timely presented to the trial court for its consideration and consequently those arguments have been waived on appeal.
For the foregoing stated reasons, the summary judgment is affirmed.
HAIRE, P.J., concurs.
MEYERSON, Judge, dissenting:
Because the majority opinion directly contradicts the clear and unequivocal wording of A.R.S. § 33-993.A. (Supp. 1982), I must dissent. The statute clearly provides that the lien claimant may have up to sixty days after the completion of a building or up to thirty-five days after recordation of the notice of completion in which to file his lien. The majority opinion concedes that the statute, if read by itself, would strongly support this conclusion.
The majority goes on to attempt to construe the statute by refering to A.R.S. § 33-993.C. (Supp. 1982). It is only when a statute is unclear, however, that courts are free to engage in statutory construction. Dearing v. Arizona Department of Economic Security, 121 Ariz. 203, 589 P.2d 446 (App. 1978).
The basis of the majority's conclusion is that the legislature intended to shorten the time in which a lien could be filed. But the statute if read as it is written does indeed shorten the time because if the notice of completion is filed in a timely fashion upon the completion of the building the time in which to file a lien is reduced from sixty days to thirty-five days. It is only where one such as SCC is dilatory and files the notice more than twenty-five days after completion that the thirty-five day limitation will not result in shortening the filing period. I see no reason to re-write the statute to compensate SCC for unnecessary delay in filing the notice of completion.
In my judgment, the materialmen's lien filed by Union Rock was timely filed.
NOTES
[1] A.R.S. § 33-993(B) defines "completion" as follows:

B. For the purposes of subsection A of this section, "completion" means the earliest of the following events:
1. Actual completion of the work.
2. Occupation or use of the building, structure or improvement by the owner or his agent.
3. Written acceptance by the owner or his agent of the building, structure or improvement.
4. Final inspection and written acceptance by the governmental body which issued the building permit for the building, structure or improvement.
5. Cessation of labor for a period of sixty consecutive days, except when such cessation of labor is due to a strike, shortage of materials or act of God.
[2] See footnote 1, supra.
[3] Cal.Civil Code, § 3086, and its predecessor, § 1193.1, provide:

... Any of the following shall be deemed equivalent to a completion:
(a) The occupation or use of a work of improvement by the owner, or his agent, accompanied by cessation of labor thereon. (Emphasis added).
[4] Colorado Revised Statutes, § 86-3-9 (1953) (now repealed) provided:

... In case of contractors, the occupation or use of the building, improvement or structure by the owner ... shall be deemed conclusive evidence of completion....
The present Colorado Statute, C.R.S. § 38-22-109, contains no occupation or use provision.