Argued January 8, reversed January 31, 1968

## DALLAS LUMBER & SUPPLY CO., *Respondent, v.* PHILLIPS ET AL, *Appellants.*

436 P. 2d 739

*Kenneth A. Holmes,* Salem, argued the cause for appellants. With him on the brief was Al J. Laue, Salem.

*Kenneth E. Shetterly,* Dallas, argued the cause for respondent. On the brief were Hayter, Shetterly & Noble, Dallas.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

SLOAN, J.

The trial court decreed foreclosure of plaintiff's alleged mechanics' lien against a house owned by defendants Phillips. Defendant Gruver is the contractor who built the house, defendant State Finance Co., has a mortgage on the property. Defendants appeal.

Defendants Phillips occupied the house on November 4, 1965. Plaintiff's lien notice was filed on December 22, 1965. It is apparent that if the house were substantially completed on November 4, the plaintiff's lien notice was not filed within the 45 days allowed by ORS 87.035.

Defendants Phillips and Gruver testified that on the date they moved in that the only work remaining to be done on the house was to paint some gutters and replace a mirror in the medicine cabinet in a bathroom. This testimony is substantially uncontradicted. However, when the trial judge decided the case he placed greater reliance on a Compliance Inspection Report made by a Federal Housing Administration inspector. In addition to the items testified to by Phillips, the inspection report also listed the removal of some rocks from the yard and the posting of the builder's insulation certificate. We are unable to understand the trial court's emphasis on the F.H.A. inspection report. It added nothing that was not included in the testimony of both Mr. and Mrs. Phillips and Gruver except the removal of the rocks; an item unrelated to the completion of the house.

It seems to us that on the date the house was occupied that it was substantially completed. The con-

tractor, Gruver, had completed his work. The painting of the gutter was work of little consequence, later done by Phillips. No one testified that any workman was required to return to the house after the date and do anything. The F.H.A. inspector's estimate of the cost of the remaining work to be done, about $15, demonstrates that the work was trivial.

██ No prior decision of this court has been cited, nor can we find one, in which the explained indicia of non-completion would compare with this case. Here the contractor was through and his tools and equipment removed, the materialmen had completed all delivery of materials, the house was occupied as a completed residence. It was substantially completed. *Avery v. Butler,* 1897, 30 Or 287, 292, 47 P 706; *Fox & Co. v. Roman Catholic Bishop,* 1923, 107 Or 557, 215 P 178; Galen, Mechanics' Liens in Oregon, 1950, 29 Ore L Rev 308, 339.

■ On January 14, 1966, defendant State Finance Co., as mortgagee, filed a notice of completion as permitted by ORS 87.045. The trial court gave some credence to this notice as evidence that the house was not completed on November 4, 1965. The notice must be disregarded. The undisputed evidence was that this notice was filed by an employee of State Finance Co., without any knowledge or information at all about the completion of the house and that the date the notice was filed was irrelevant to any other evidence presented. The notice of completion permitted by ORS 87.045 is neither the exclusive nor conclusive test for deciding when completion of a structure has occurred. Galen, Mechanics' Lien in Oregon, *supra,* at 340, 341.

The decree must be reversed and the lien discharged.