Argued and submitted March 7, reversed and remanded June 11, 1997

## PRO EXCAVATING, INC.,
an Oregon corporation,
*Appellant,*

*v.*

## Ronald L. ZIEBART
and Tina L. Ziebart, husband and wife;
Bank of Salem,
an Oregon banking corporation;
and Jack Yarbrough,
*Respondents,*

*and*

## MARION COUNTY,
a political subdivision of the State of Oregon;
and Le Rud & Son, Inc.,
an Oregon corporation,
*Defendants.*

(95C-11868; CA A92784)

939 P2d 1187

Robert J. Thorbeck argued the cause and filed the brief for appellant.

John E. Storkel argued the cause and filed the brief for respondents Ronald L. Ziebart and Tina L. Ziebart.

Robert J. Curtis argued the cause for respondents Bank of Salem and Jack Yarbrough. With him on the brief was Jill F. Foster.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals a summary judgment for defendants in an action to foreclose a construction lien. We reverse and remand.

Plaintiff is a licensed excavating contractor that contracted with a developer to install street, storm drain, sanitary sewer and domestic water improvements for a new subdivision. The site preparation contract between plaintiff and the developer provided:

"The term 'Engineer' wherever used in this contract shall be Multi/Tech Engineering Services, Inc., or [its] duly authorized representative. * * * The Engineer shall have full authority to interpret the plans and specifications and Rep shall determine the amount, quality, and acceptance of the work and supplies to be paid for under this contract and every question relative to the fulfillment of the terms and provisions therein."

On January 26, 1995, plaintiff completed the paving for the subdivision and removed its equipment. In February, plaintiff asked the project engineer to approve its billings for payment. On February 14, Grenz, acting for the engineer, responded by letter in which he detailed objections to plaintiff's payment demand, including that

"[a]s of [February 14, plaintiff] has not completed all of the work covered within [its] contract for this project. There are several items remaining that must be completed prior to the City of Salem making an inspection to determine the work items that are unacceptable or incomplete. Until these items are completed, the final inspection completed by the City of Salem and a letter denoting the acceptance of the work completed to date received from the City of Salem, Ziebart Development cannot get a single building permit, which makes the work, completed to that point, worthless."

On March 21, plaintiff erected street signs and barricades, which were the items that, according to the letter, plaintiff had to complete. The cost of that work was approximately $2,500. The cost of the entire contract exceeded $400,000. In May, Grenz approved plaintiff's billings. When payment did not follow, plaintiff recorded a lien on May 18

and filed this action to foreclose its lien in June. Defendants responded that plaintiff's lien claim was untimely because plaintiff had "substantially completed" its work on January 26 and had not filed its lien within 75 days of that date, as required by ORS 87.035(1).

Under ORS 87.035(1), a person must perfect a construction lien no later than 75 days "after the person has ceased to provide labor, [to] rent equipment or [to] furnish materials." For purposes of that provision, the date on which the 75-day period begins to run is the date on which the person's contribution to the project is "substantially complete." *See, e.g., Dallas Lbr. & Supply v. Phillips*, 249 Or 58, 436 P2d 739 (1968); *Avery v. Butler*, 30 Or 287, 293, 47 P 706 (1897). At the hearing on defendants' motion for summary judgment, plaintiff argued that there was a genuine issue of fact as to the substantial completion date. The trial court disagreed, concluding that plaintiff's work was substantially complete on January 26 and that its additional work in erecting the signs and barricades was "inconsequential" and did not extend the time to file the lien. After the trial court had issued its letter opinion on the motion, plaintiff moved for leave to file an amended pleading that raised estoppel as an issue in the case. The court denied the motion.

Plaintiff assigns error to both rulings. Summary judgment is appropriate under ORCP 47 if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. We review the record in the light most favorable to plaintiff, the nonmoving party, to determine whether there is evidence in it that shows that there are genuine issues for trial. *Carl v. Oregon Automobile Ins. Co.*, 141 Or App 515, 520, 918 P2d 861 (1996). Plaintiff argues that the evidence shows that there was a material issue of fact as to the substantial completion date of its work. Defendants argue that their evidence established that the completion date was January 26, and that plaintiff did not rebut that evidence.

Relying on the contractual provision quoted above, defendants argue that the contract gave the project engineer the "exclusive authority" to resolve all questions related to

fulfillment of the contract. They contend that the determination of the substantial completion date involves the resolution of such a question, and, therefore, that Grenz, acting for the engineer, had the exclusive authority to determine that date. At summary judgment, defendants offered the affidavit of Grenz in which he stated that "[t]he construction was substantially completed on January 26, 1995." Therefore, defendants argue, there is no triable issue with respect to that date.

■     Defendants are operating from a false premise, because the contract gives the "Rep," whoever that is, the authority to determine all "question[s] relative to the fulfillment of the terms and provisions" of the contract.[1] It does *not* give that authority to the engineer.

Moreover, even if the contract gave the engineer the authority that defendants claim it does, the evidence from the engineer is self-contradictory. Defendants rely on Grenz's affidavit in which he states that plaintiff substantially completed its work on January 26. However, in his February 14 letter, Grenz stated that plaintiff's failure to complete all the work covered by the contract rendered plaintiff's work "worthless." Far from resolving the date of "substantial completion," Grenz's statements create an issue of fact.

Defendants argue, however, that plaintiff's work erecting signs and barricades was "inconsequential" to the project and, therefore, did not extend the time in which to file a lien. The trial court accepted that argument:

> "[I]t is this Court's opinion that substantial completion was done on 26 January 1995 and that the placing of the barricades and the signs was inconsequential and did not extend the time. [The] costs for the signs and the barricade were less than $2,500.00 and could not be considered anything but insignificant in light of this contract which exceeds $400,000.00."

---

[1] The contract identifies four entities that have a role in it: the engineer (including its authorized representative), the contractor, the owner and the Rep. The contract does not identify the Rep, but one can infer from the contract that the Rep is someone who represents the owner.

A contractor does not extend the time to file a lien by returning to a job to perform "some trifling work or a few odds and ends" after apparently completing the job and removing its equipment. *Christenson v. Behrens*, 231 Or 458, 467, 372 P2d 494 (1962). However, cost alone does not determine if work is "trifling." *Christenson* is instructive as to the applicable analysis.

In *Christenson*, the defendants had paid their general contractor for extensive alterations to a building in which they conducted a mercantile business. The general contractor did not pay the subcontractors, three of which filed liens against the property. The defendants claimed that the liens were untimely because each of the subcontractors had sent "final bills" in December 1959 or earlier.

However, all of the subcontractors had performed work on the project in January 1960. To determine whether the January work extended the filing deadline, the court looked first to the relevant contractual obligations and then assessed the nature of the January work in relation to those obligations. The electrical contractor had contracted to do all the necessary electrical work. In January, it had replaced a piece of wiring, "screwed into place some metal plates," and performed some work on bread display racks. *Id.* at 465. The court concluded that the only work that related to the contract was the installation of the metal plates, and, because the subcontractor had failed to provide evidence of the number of plates or the time spent in installing them, the inference was that the work was "of little consequence." *Id.* at 467. Likewise, the flooring subcontractor's installation of a rubber base was not required by the contract, *id.*, and its other work was the repair of tile. Correcting defects does not extend the lien-filing period. *See Fox & Co. v. Roman Catholic Bishop*, 107 Or 557, 559, 215 P 178 (1928) (correcting defects in work already performed does not extend filing period). Thus, the work of those subcontractors had been "substantially completed" by the December billing.

In contrast, the sheetmetal subcontractor had installed two room vents equipped with grilles and exhaust fans. It had also built and installed nine feet of duct topped by a conical cap. That work was required by its contract and, the

court concluded, could not be deemed "trivial." Therefore, it had not substantially completed its work until January.

Here, the evidence shows that plaintiff had completed the paving and had removed its equipment by January 26. That is one indication that plaintiff had "substantially completed" its work by that date. *See Christenson*, 231 Or at 467.[2] Defendants acknowledge, however, that plaintiff was required to erect the signs and barricades pursuant to the contract, and Grenz asserted that that work was critical to the project and to plaintiff's contractual obligations. Under the analysis suggested by *Christenson*, we cannot say on this record that the work that plaintiff performed after January 26 was "trivial" in the light of its contractual obligations so as to make the filing of the lien untimely as a matter of law. The trial court erred in granting defendants' motion for summary judgment.

Because of our holding, we do not reach plaintiff's assignment of error that the court erred in denying its motion to file an amended pleading.

Defendants contend as an alternative ground to affirm the judgment that the lien did not include a true statement of plaintiff's demand after deducting all credits and offsets, as required by ORS 87.035(3)(a). Defendants do not demonstrate how their conclusion on that issue is the only one that could be reached on this record, and we do not address their argument.

Reversed and remanded.

---

[2] Grenz stated in his affidavit that it is common knowledge within the industry that work of the kind that plaintiff performed on the subdivision is substantially complete when the blacktop is laid. That evidence might support a finding that January 26 was the substantial completion date for plaintiff's work, but it is not conclusive, particularly because the issue turns on the work required of plaintiff under its contract, not on the work required of others under other contracts. *See Christenson*, 231 Or at 461-68. Here, the contract required plaintiff to install signs and barricades, which might not be required of contractors on other subdivisions.